WILLIAM R. WARD et al. Defendants in Error, vs. GUY
WILLIAMS et al. Plaintiffs in Error.

*Opinion announced orally December 21, 1915.*

1. PRACTICE—*the original practice concerning a writ of error.*
Originally a writ of error was directed to the judge or judges of a
court of record and was served by lodging it with the clerk of the
court to which it was directed, and the return to the writ was cer-
tified by the judge or chief justice of that court and consisted of
the record duly certified, the original writ being also returned.

2. SAME—*modern practice concerning writ of error.* In Illinois
a writ of error is directed to the clerk of the lower court instead
of the judges, and the judges do not certify to the return, which
consists of a transcript of the record of the lower court.

3. SAME—*rule where a certified transcript is filed before writ
of error issues.* Where a duly certified transcript of the record
of the lower court is filed in the office of the clerk of the Supreme
Court before the writ of error issues, it is not necessary to send
such writ to the clerk of the lower court, as the transcript is taken
and considered as a due return to the writ and the writ does not
leave the possession of the clerk of the Supreme Court; and a fail-
ure of such clerk to issue the writ of error and file it with the rec-
ord is not ground for dismissing the proceeding.

4. SAME—*Statute of Limitations to writ of error should be set
up by plea.* If the defendants in error desire to avail themselves
of the Statute of Limitations the proper way is to plead the stat-
ute, so that the plaintiffs in error may allege any exception which
exempts them from the operation thereof.

5. SAME—*what is not a plea to jurisdiction.* An alleged plea
to the jurisdiction, filed by certain defendants to a writ of error,
which merely questions the validity of the service by publication,
which publication was made in accordance with the statute upon
an affidavit in statutory form, is no more than a motion to quash
the service, and if the parties do not deny that they received the
notices mailed to them the Supreme Court will not inquire into the
truth of the affidavit for publication but the alleged plea will be
stricken from the files.

6. SAME—*severance cannot be had before parties are in court.*
A severance cannot be had before the plaintiffs in error who have
failed to assign error have been served with summons and brought
into court, nor until such time can any rule be entered upon the
defendants in error to join in error.

WRIT OF ERROR to the Circuit Court of Franklin county; the Hon. P. A. PEARCE, Judge, presiding.

T. I. GALLOWAY, D. G. THOMPSON, and W. P. SEEBER, for plaintiffs in error.

GILLESPIE & FITZGERALD, for defendants in error.

Mr. JUSTICE DUNN announced the decision of the court:

There was filed with the clerk on August 23, 1915, a transcript of the record of the circuit court of Franklin county in a proceeding for partition between William R. Ward, Robert R. Ward, Parlee Baxter, Luke Baxter and Jesse T. Baxter, Jr., complainants, and Guy Williams, Pearl Williams, Harry Williams, W. E. Mabry, J. M. Strain and Jane Cypher, defendants, which resulted in a decree of partition at the May term, 1904, of that court. Attached to the transcript was an assignment of errors in the name of Guy Williams, Pearl Williams and Harry Williams. No writ of error or *scire facias* was issued and no *præcipe* for either of such writs was filed.

At the October term there was filed an affidavit of the death of certain of the original defendants and one of the original complainants, and of the transfer of various interests in the lands involved to persons other than the parties to the original suit. The names of the heirs of the deceased parties and of subsequent purchasers and terre tenants were suggested and a motion was made that they be made parties to the suit, which was allowed; and on October 12 a *scire facias* was issued for the various persons named as defendants, and service has been had on those who resided in the State. Publication was also made for the persons named as defendants who were non-residents, and a certificate of publication and of mailing notice has been filed.

On the first day of this term a motion was made in the name of the original complainants, who were named as defendants in error in the assignment of errors, the death of

some of whom had been suggested to the court, to dismiss the proceeding in this court and strike from the files the briefs, abstracts and transcript of record filed by the plaintiffs in error, on the ground that no writ of error has been issued in the case; that there has been no severance nor any arrangement of parties, on the docket or otherwise, by which it can be known which persons referred to in the record are, in fact, plaintiffs in error and which defendants in error; that the proceeding appears upon its face to be barred by the Statute of Limitations; that plaintiffs in error have not joined necessary defendants in error; that the rules of court in regard to the arrangement of the record and the size of type in which briefs and abstracts shall be printed have not been complied with.

Two of the defendants in error, who were stated in the affidavit filed at the October term to be purchasers of portions of the land involved, (Loren N. Wood and B. H. Taylor,) also filed what is designated as a plea to the jurisdiction, setting up that the affidavit of non-residence states that they are residents of the city of New York, in the State of New York, and that the certificate of mailing notice shows that notice was mailed to them at No. 25 Broad street, New York; that, in fact, Loren N. Wood lives in Bound Brook, New Jersey, and B. H. Taylor in Pittsburg, Pennsylvania, and that neither of them has been served with process or notice by publication, as required by the statute. Attached to this so-called plea to the jurisdiction are affidavits as to the residence of the defendants in error in New Jersey and Pennsylvania, respectively, setting forth, also, facts from which it is insisted that by reasonable diligence the plaintiffs in error might have ascertained the places of residence of these two defendants in error.

On December 9 a motion was filed by plaintiffs in error Guy Williams, Pearl Williams and Harry Williams, minors, by their next friend, Guy Williams, for an order severing W. E. Mabry, J. M. Strain and Jane Cypher as plaintiffs in

error, suggesting that Jane Cypher is dead and her heirs are already parties defendant and have been served with *scire facias.* The plaintiffs in error also move for an order permitting Guy Williams to prosecute the writ of error on behalf of his brothers, Pearl Williams and Harry Williams, as their next friend, stating that their guardians refuse to appear and prosecute on behalf of the minors. Plaintiffs in error further move for a rule on all the defendants in error to join in error.

In opposition to these motions counter-suggestions were filed, and affidavits have been filed on both sides in regard to the information of the plaintiffs in error as to the residence of Wood and Taylor and the diligence used to acquire information on that subject.

A writ of error was originally a writ directed to the judge or judges of a court of record commanding him or them to send the record of an action in which final judgment had been given to a court of appellate jurisdiction for the purpose of the correction of alleged errors in the proceedings. The writ was served by lodging it with the clerk of the court to which it was directed and the return to the writ was certified by the judge or chief justice of that court. The return consisted of the record duly certified and the original writ was returned. Under the practice in this State, however, the writ is directed to the clerk of the court instead of the judges, and the judges do not certify to the return, which consists of a transcript of the record of the court of original jurisdiction. Under our rules, where the plaintiff in error files in the office of the clerk of this court a transcript of the record, duly certified, before the writ of error issues, it is not necessary to send such writ to the clerk of the inferior court, but such transcript is taken and considered as a due return to the writ and the writ of error does not leave the possession of the clerk of this court. The defendants in error are notified of the pendency of the proceeding in error by a writ of *scire facias,* and they can

not complain of the failure to issue the writ of error and file it with the record. Such failure is not ground for dismissing the proceeding.

The Statute of Limitations as a defense to proceedings in error must be set up by plea, the same as to any other action at law. While the decree complained of appears to have been rendered more than ten years ago, it is stated in the affidavits that the oldest of the plaintiffs in error is now only twenty-one years of age. If the defendants in error desire to avail themselves of the statute, the proper way is to plead it, so the plaintiffs in error may allege any exception which exempts them from the operation of the statute.

The paper designated a plea to the jurisdiction is not a plea to the jurisdiction. It merely questions the validity of the service by publication and amounts to no more than a motion to quash such service. The affidavit upon which the publication was made, in form complies with the statute. The publication was made in accordance with the statute. The defendants in error do not deny that they received the notices that were mailed to them. The object of the publication was to give notice to the defendants in error, and the publication having been made in formal compliance with the statute and the notice having been actually received by the defendants in error, we will not inquire into the truth of the affidavit for publication. The motion of the defendants in error to dismiss the proceedings and to strike the record, briefs and abstracts of the plaintiffs in error will be denied. The plea to the jurisdiction is insufficient to justify quashing the service by publication, and it will be stricken from the files.

No order of severance can be entered at this time, because the plaintiffs in error W. E. Mabry, J. M. Strain and Jane Cypher, who do not assign error, have not been served with summons. Jane Cypher is dead, and her heirs were made parties and must also be served with summons before an order of severance can be made,

It appears from the affidavits filed that the guardians of Pearl Williams and Harry Williams are unwilling themselves to prosecute the writ of error for their wards but consent that it may be prosecuted by Guy Williams as their next friend, and he has given security for costs. The motion to permit Guy Williams to prosecute the writ in behalf of his brothers, Pearl Williams and Harry Williams, as next friend, will be allowed.

The motion for rule on the defendants in error to join in error will be denied. No such rule can be entered until the co-plaintiffs in error who have not assigned error are brought into court and have been severed or have assigned error.

The cause is continued.                    *Cause continued.*