(No. 13695.—Reversed and. remanded.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOHN MURPHY, Plaintiff in Error.

*Opinion filed February 15, 1921.*

1. APPEALS AND ERRORS—*defense of Statute of Limitations to writ of error must be raised by plea.* The defense of the Statute of Limitations to a writ of error must be raised by plea.

2. SAME—*Practice act does not apply to criminal or chancery proceedings unless expressly mentioned.* The Practice act does not control the mode of procedure in chancery cases or criminal trials except where its provisions are made applicable to such proceedings by express mention or necessary implication.

3. SAME—*writ of error in a criminal case is not barred by the three-year limitation of Practice act.* The provision of the Practice act requiring a writ of error to be sued out within three years does not apply to a criminal case.

4. SAME—*effect where plea of limitation to writ of error is held bad.* A plea of the Statute of Limitations to a writ of error in a criminal case confesses the error and admits cause for reversal, and if the plea is not sustained the judgment must be reversed and the cause remanded.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. ADELOR J. PETIT, Judge, presiding.

CHARLES P. R. MACAULAY, for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, MACLAY HOYNE, State's Attorney, and JAMES B. SEARCY, (EDWARD E. WILSON, of counsel,) for the People.

Mr. JUSTICE DUNN delivered the opinion of the court:

On March 20, 1915, John Murphy, the plaintiff in error, was sentenced to imprisonment in the penitentiary for an indefinite term not exceeding the maximum fixed by the statute for the crime of manslaughter, of which he had been found guilty by a jury in the criminal court of Cook county. On September 30, 1920, he sued out a writ of er-

ror to reverse the judgment. The Attorney General filed
a plea that the writ of error was not sued out within
three years after the rendition of the judgment, to which
the plaintiff in error has demurred.

The plaintiff in error has cited the cases of *People* v.
*Jordan,* 244 Ill. 386, and *People* v. *Ellsworth,* 261 id. 275,
in which judgments were reviewed fourteen and ten years,
respectively, after their rendition, but those cases are of
no value on the question of the Statute of Limitations, for
no plea of the statute was filed and therefore the question
did not arise and could not be decided. The defense of
the Statute of Limitations can be made only by plea. (*Ward*
v. *Williams,* 270 Ill. 547.) A writ of error is a common
law writ, the limitation of which was twenty years. *Peter-
son* v. *Manhattan Life Ins. Co.* 244 Ill. 329.

The limitation sought to be availed of here is contained
in section 117 of the Practice act. The title of that act
is, "An act in relation to practice and procedure in courts
of record," and it applies to and controls the method of
procedure in civil suits on the law side in trial courts, but
it has been held to have no reference, in general, to pro-
ceedings in chancery or criminal cases in trial courts unless
such cases are expressly mentioned. In *Moore* v. *Tierney,*
100 Ill. 207, it was insisted that under the amendment of
this act in 1879 questions of fact could not be considered
by the Supreme Court on appeal in the determination of
chancery cases, but it was held that the provision there in
question, which restricted the Supreme Court in the ex-
amination of cases brought to it by appeal or writ of er-
ror to questions of law, only, did not apply to chancery
cases, which were regulated by chapter 22 of the Revised
Statutes of 1874, while the practice in cases at law was reg-
ulated by chapter 110 of the Revised Statutes of 1874,—
the Practice act. The rule has ever since been followed
that the Practice act has no reference to the mode of pro-
cedure in chancery cases except as the language expressly

or by clear implication refers to such procedure. *Railway Conductors' Benefit Ass'n* v. *Robinson,* 147 Ill. 138; *Cavanaugh* v. *McConochie,* 134 id. 516; *Brinkman* v. *Bowles,* 280 id. 27.

In *French* v. *People,* 77 Ill. 531, a defendant convicted of a misdemeanor prayed an appeal to the Supreme Court, which was allowed by the circuit court and was perfected by the filing of the appeal bond required. This court dismissed the appeal, holding that no appeal was allowed by law in a criminal case because there was no statute expressly providing for it, although section 67 of the Practice act then provided that appeals from all circuit courts might be taken to the Supreme Court from all final judgments, decrees and orders.

Section 41 of the Practice act, before its amendment in 1907, provided that upon a trial by the court without a jury either party might submit to the court written propositions to be held as law in the decision of the case, which the court was required to hold or refuse in accordance with his opinion of the law; but in *Chicago, Wilmington and Vermilion Coal Co.* v. *People,* 214 Ill. 421, it was held that this section did not affect the practice in criminal cases and did not apply to such cases. The same view was taken in *Jacobs* v. *People,* 218 Ill. 500. The Practice act contains various provisions referring expressly to procedure in criminal cases or in chancery cases, and where such provisions are found they apply in chancery or criminal cases accordingly, but except in cases where by express mention or necessary implication the provisions of the Practice act are made applicable to criminal or chancery cases, the method of procedure in criminal cases is controlled by the Criminal Code, found in chapter 38 of the Revised Statutes, and the procedure in chancery cases is governed by the Chancery act, found in chapter 22 of the Revised Statutes. The plea that the writ was not sued out within three years, therefore, stated no defense to the writ. The effect of the plea ·

was to confess error and admit cause for reversal unless the plea was sustained. *Mahony* v. *Mahony,* 139 Ill. 14; *Peterson* v. *Manhattan Life Ins. Co. supra.*

The judgment must be reversed and the cause remanded.

*Reversed and remanded.*