(No. 28978.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOSEPH CHAPMAN, Plaintiff in Error.

*Opinion filed November 21, 1945—Rehearing denied Jan. 17, 1946.*

JOSEPH CHAPMAN, *pro se.*

GEORGE F. BARRETT, Attorney General, and WILLIAM J. TUOHY, State's Attorney, of Chicago, (EDWARD E. WILSON, JOHN T. GALLAGHER, and MELVIN· S. REMBE, all of Chicago, of counsel,) for the People.

Mr. JUSTICE MURPHY delivered the opinion of the court:

An indictment returned in the criminal court of Cook county in March, 1918, charged plaintiff in error with the crime of murder. He selected his own counsel, was duly arraigned and entered a plea of not guilty. After a part of the jurors had been qualified for jury service, plaintiff in error made the necessary motions to permit him to withdraw his plea of not guilty and plead guilty. Evidence was heard and a judgment entered committing him to the penitentiary for life. At the March term, 1945, he sued a writ of error out of this court which brings the common-law record here for review. Plaintiff in error contends the record does not show that his rights were fully explained to him as required by section 4 of division XII of the Criminal Code. Ill. Rev. Stat. 1943, chap. 38, par. 732.

Defendant in error has filed a plea of limitation which will have to be sustained. The plea sets forth the fact, which appears upon the face of the record, that the writ of error was issued more than twenty years after the entry of the judgment. The writ of error was a common-law writ. The limitation of time for suing out such writ was twenty years. (*People* v. *Murphy,* 296 Ill. 532; *Peterson* v. *Manhattan Life Ins. Co.* 244 Ill. 329.) Statutes have fixed a limitation within which transcripts of proceedings must be filed, but this requirement should not be confused with the time limitation for bringing a writ of error to review matters of record. The limitation period of twenty years recognized at common law has not been changed in criminal cases.

Plaintiff in error concedes the record shows a lapse of more than twenty years between the date of the judgment and the writ of error but contends the limitation plea should be rejected for the reason that it was filed in violation of rules of court, and that the facts he has

pleaded in his reply are sufficient to stop the running of the limitation.

Rule 70 of this court (370 Ill. 70) directs that in all cases in a reviewing court where the defendant in error or appellee desires to file a motion in the nature of·a plea, the same shall be filed not later than the first day of the term to which the cause is docketed. This action was docketed to the September term and was on the calendar for call on September 17. If defendant in error's plea is treated as a motion in the nature of a plea, then, to comply with the rule, it should have been filed not later than the first day of the September term, which was September 10. Defendant in error's limitation plea was not a motion in the nature of a plea and cannot be classed as coming within the provisions of Rule 70. Other facts pertinent to the inquiry are that, before the September term convened, defendant in error placed a motion in the hands of the clerk of this court which challenged plaintiff in error's right to maintain a writ of error more than twenty years after the judgment had been entered. Request was made for leave to file such motion. This was denied September 11 for the reason that the defense of limitation to the suing out of a writ of error cannot be raised by motion. Such a defense must be raised by plea. (*People* v. *Murphy*, 296 Ill. 532; *Peterson* v. *Manhattan Life Ins. Co.* 244 Ill. 329.) This was the rule prior to the adoption of the Civil Practice Act and there is nothing in the statute or Rule 70 that has changed it as to criminal cases. After defendant in error's motion for leave to file was denied, application was made for leave to file the plea *instanter*. The court granted permission to file such plea.

Plaintiff in error also contends that defendant in error failed to give notice of the filing of the plea within the time fixed by Rule 49. The proof of service on file shows notice was given by mailing a copy of the motion and plea to plaintiff in error's address at the penitentiary, and that

the same was mailed within the time fixed by the rule. Furthermore, it appears that plaintiff in error received the notice, prepared his reply to the plea and caused the same to be filed with the clerk of the court before the cause was reached on the call of the regular calendar.

The facts pleaded by plaintiff in èrror in reply to the plea and which he contends were sufficient to stop the running of the statute are as follows: It is alleged that from the time plaintiff in error entered the penitentiary in 1918 to January 8, 1943, the prison authorities where he was confined denied "any inmate right to prepare or file writs or legal papers of any kind in any court." The mere statement that there was such a rule which applied to inmates generally, is not sufficient to excuse plaintiff in error's lack of diligence in the prosecution of his action. The argument advanced in support of the allegation indicates that any rule the prison authorities adopted in such matters was limited to actions where the inmates attempted to file a petition *pro se,* or communicate directly with the officers of some court. It is not claimed, and we know it could not have been the rule, that an inmate could not procure the aid of counsel to file a proceeding pertaining to his incarceration. It does not appear that inmates of the prison were prevented from applying to courts for aid if the matter was handled through counsel or friends. Plaintiff in error cites *United States ex rel. Foley* v. *Ragen,* (C.C.A. 7th) 143 F. 2d 774, and *Dewey White-Lutz* v. *Ragen,* 324 U. S. 760, 89 L. ed. 932, in support of his contention that such rule existed. Those cases were *habeas corpus* actions and the statements in the opinions are as to the previous existence of such prison rule. There is nothing in those cases that is applicable to the principle involved here.

For the reasons assigned, the plea of limitation will be sustained and the writ of error quashed.

*Writ of error quashed.*