(No. 29221.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOE BINKOWSKI, Plaintiff in Error.

*Opinion filed May 21, 1946—Rehearing denied September 12, 1946.*

JOE BINKOWSKI, *pro se.*

GEORGE F. BARRETT, Attorney General, and WILLIAM J. TUOHY, State's Attorney, of Chicago, (EDWARD E. WILSON, and JOHN T. GALLAGHER, of Chicago, of counsel,) for the People.

Mr. JUSTICE WILSON delivered the opinion of the court:

May 21, 1919, the defendant, Joe Binkowski, was indicted in the criminal court of Cook county for murder. He pleaded guilty, and on August 25, 1919, was sentenced to imprisonment in the penitentiary for life. Defendant prosecutes this writ of error, appearing *pro se.*

Seeking a reversal, defendant contends, first, that the indictment was for the crime of assault with intent to commit murder and not for the crime of murder. The argument supporting this contention is based upon the record which defendant caused to be certified by the clerk of the criminal court disclosing an indictment consisting

of three counts, the first charging defendant and others with assault with intent to murder John Hernigle, and the second and third counts each charging an assault with intent to inflict a bodily injury on Hernigle on April 17, 1919. At the March, 1946, term the motion of the People for dimunition of the record and for leave to file a correct record *instanter* was allowed. The record filed on March 14, 1946, pursuant to our order permitting the filing of a correct transcript of the record, discloses that on May 21, 1919, defendant was indicted for the murder of Eugene Mars on February 24, 1919, in cause designated as General No. 16769 on the docket of the criminal court of Cook county. The record further discloses that defendant was indicted in General No. 16770, instead of in General No. 16769, for assaults with intent to murder and to inflict a bodily injury on Hernigle on April 17, 1919. The indictments in General Nos. 16769 and 16770, as they appear in the record filed by defendant in this court on October 4, 1945, are precisely the same, each being an indictment charging the defendant with assault to murder John Hernigle and, also, an assault with intent to inflict a bodily injury on Hernigle. The only difference between the two indictments in the record filed by defendant is that in General No. 16769 the substance of the first count and all of counts two and three are typewritten, and in General No. 16770, a printed form is used with several printed lines deleted and typewritten words inserted. In short, in the record filed by defendant, the indictment in General No. 16769 is a *verbatim* copy of the indictment in General No. 16770. In the additional record filed by the People, the indictment in General No. 16769 is for the murder of Eugene Mars.

The record filed on October 4, 1945, was a flagrant imposition on this court. Parties appearing *pro se* will do well to realize that the omission or alteration of portions of the record made in the trial court and, also, mis-

representations to us as to what the record contains cannot avail them.

The Attorney General has filed a plea of limitation, conformably to an order entered by this court on November 12, 1945, granting leave to file the plea *instanter.* The plea avers the fact affirmatively appearing upon the face of the record that this writ of error was sued out more than twenty-five years subsequent to the entry of the judgment of conviction. It is now definitely settled that where it appears from the face of the record that a writ of error is issued more than twenty years after the rendition of the judgment, a plea of limitation filed in behalf of the People will be sustained. (*People* v. *Chap-. man,* 392 Ill. 168.) It follows, necessarily, that the remaining errors assigned by defendant, namely, that the trial judge did not fully explain the consequences of entering a plea of guilty; that the plea should not have been accepted for the reason defendant did not persist in pleading guilty, and, further, that he was denied due process of law in contravention of State and Federal guaranties, are not open to consideration. Moreover, the record filed on March 14, 1946, discloses each of these three assignments of error to be without merit.

The plea of limitation must be sustained, and the writ of error quashed.

*Writ of error quashed.*