(No. 31551.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* OSCAR HINKLE, Plaintiff in Error.

*Opinion filed March 22, 1951.*

CHARLES A. BELLOWS, of Chicago, for plaintiff in error.

IVAN A. ELLIOTT, Attorney General, of Springfield, (JOHN S. BOYLE, State's Attorney, of Chicago, of counsel,) for the People.

* Mr. JUSTICE WILSON delivered the opinion of the court:

Oscar Hinkle and Rudolph Kollman were indicted in the criminal court of Cook County for the larceny of two clocks, three microphones, one tube tester, two soldering irons, and one radio receiver, the property of the National Broadcasting Company, Inc., and, also, for the crime of receiving these articles knowing them to have been stolen property. Kollman pleaded guilty and testified on behalf of the People. Hinkle pleaded not guilty and waived a trial by jury. He was found guilty of larceny of property having a value of $700, in manner and form as charged in the indictment, and sentenced to the penitentiary for a term of not less than three nor more than ten years. Hinkle prosecutes this writ of error.

The evidence discloses that Kollman, an employee of the National Broadcasting Company, stole the articles described in the indictment from his employer and sold some of them to Hinkle who operated a secondhand store on North Clark Street, in Chicago. Hinkle, who did not steal any of the property from its owner, paid Kollman $100 for the stolen merchandise which had a market value of approximately $700.

Hinkle contends that, upon the record made, the judgment of conviction and sentence should be reversed. Conceding that the judgment of conviction of the crime of larceny is without a legitimate basis in the evidence and cannot stand, the People urge that the cause be remanded for the purpose of entering a judgment of conviction on the count charging Hinkle with receiving stolen property. Section 167 of division I of the Criminal Code defines larceny as "the felonious stealing, taking and carrying, leading, riding, or driving away the personal goods of another." (Ill. Rev. Stat. 1949, chap. 38, par. 387.) The adjudication of guilty on the count charging the crime of larceny,

---

* This opinion was prepared by the late Mr. Justice Wilson and has been adopted and filed as the opinion of the court.

without any finding on the count charging receiving stolen property, is equivalent to an acquittal on the latter count. (*People* v. *Schachter,* 361 Ill. 573; *People* v. *Smithka,* 356 Ill. 624.) Proof that an accused knowingly received stolen property does not warrant a conviction under an indictment charging him with larceny. (*Watts* v. *People,* 204 Ill. 233.) Similarly, proof of larceny will not sustain a conviction of receiving stolen property. (*People* v. *Barnhill,* 333 Ill. 150; *People* v. *Ensor,* 310 Ill. 483.) As pointedly observed in the case last cited, "One person cannot be both the thief and the receiver of the stolen property." Where, as here, the evidence wholly fails to sustain the conviction, the judgment will be reversed. *Watts* v. *People,* 204 Ill. 233.

The judgment of the criminal court of Cook County is reversed.

*Judgment reversed.*