(No. 32324.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* EDWARD BERNATOWICZ, Plaintiff in Error.

*Opinion filed September 17, 1952—Rehearing denied Nov. 17, 1952.*

182

Joseph H. Hinshaw, of Chicago, (Oswell G. Tread-way, of counsel,) for plaintiff in error.

Ivan A. Elliott, Attorney General, of Springfield, and John S. Boyle, State's Attorney, of Chicago, (John T. Gallagher, Rudolph L. Janega, Arthur F. Manning, and William J. McGah, Jr., all of Chicago, of counsel,) for the People.

Mr. Justice Schaefer delivered the opinion of the court:

Edward Bernatowicz was found guilty of burglary in the criminal court of Cook County and was sentenced to the penitentiary for a term of not less than three nor more than twenty years. His petition seeking relief under the Post-Conviction Hearing Act was dismissed upon motion, and to review that judgment we allowed a writ of error and appointed counsel to represent him. Counsel appointed to represent the petitioner in this court have performed that duty with earnestness and ability.

At the outset the People's brief points out that although the judgment dismissing the post-conviction petition was entered on June 20, 1950, the petition for writ of error was not filed until August of 1951. Relying on section 7 of the Post-Conviction Hearing Act which provides for review "by the supreme court on writ of error brought within six months from the entry of the judgment," (Ill. Rev. Stat. 1951, chap. 38, par. 832,) the People argue that the right to obtain a review of the judgment is barred. A claim of limitations as a bar to a writ of error in a reviewing court has, however, consistently been treated as an affirmative defense which is waived if not appropriately presented. (*Peterson* v. *Manhattan Life Ins. Co.* 244 Ill. 329; *George* v. *George,* 250 Ill. 251; *Ward* v. *Williams,* 270 Ill. 547; *Kelly* v. *Kelly,* 291 Ill. 238; *People* v. *Murphy,* 296 Ill. 532; *People* v. *Chapman,* 392 Ill. 168.) This is true in criminal cases, in which the bar of limitations is still asserted by plea, (*People* v. *Chapman,* 392 Ill. 168,) as well as in civil cases in which, under Rule 70, the bar is now raised by motion in the nature of a plea. Ill. Rev. Stat. 1951, chap. 110, par. 259.70.

In this case neither motion nor plea was filed, and the contention that the writ of error was not sought in due time was raised for the first time in the People's brief. So raised, it comes too late. It would be unnecessary to say

more were it not for a suggestion that the time limitation is jurisdictional, and for a doubt which has been expressed as to the civil or criminal character of a post-conviction proceeding. That a statute limiting the time within which review may be sought by writ of error does not affect the jurisdiction of the reviewing court was settled in *Peterson* v. *Manhattan Life Ins. Co.* 244 Ill. 329. As to the civil or criminal nature of a post-conviction proceeding, the remedy afforded by the Post-Conviction Hearing Act closely resembles that available under the common-law writ of error *coram nobis.* Both remedies perform the same specific, limited function—the review of an existing judgment,— first by the court which entered it and subsequently by a reviewing court. In each case, the scope of review is limited to specific types of error. The post-conviction proceeding reviews to determine the existence of alleged deprivations of constitutional rights; the common-law writ and its statutory substitute (Ill. Rev. Stat. 1951, chap. 110, par. 196,) review to determine the existence of certain familiar categories of facts unknown to the trial court. In our opinion, a proceeding under the Post-Conviction Hearing Act is civil in character, just as is a writ of error *coram nobis,* even though the judgment to which it is directed was entered in a criminal case. *People* v. *Touhy,* 397 Ill. 19.

Turning to the merits, the motion to dismiss which was granted by the trial court was based upon three grounds: (1) the invalidity of the Post-Conviction Hearing Act, (2) a want of jurisdiction in the trial court "because as to *nisi prius* courts there has been a final adjudication of the allegations of the petition" and (3) the failure of the petition to allege facts showing a substantial denial of constitutional rights. The order sustaining the motion to dismiss did not specify the ground upon which it was based. The first two grounds are clearly untenable. (*People* v. *Dale,* 406 Ill. 238; *People* v. *Jennings,* 411 Ill. 21.) Dismissal of the petition on the third ground was warranted

only if the allegations of fact, liberally construed in favor of the petitioner, fail to make a showing of imprisonment in violation of the Federal or State constitution. (*People* v. *Jennings,* 411 Ill. 21, 26.) So, we are brought to a consideration of the substantive allegations of the petition, to which was attached a transcript of the proceedings at the trial.

Petitioner alleges that he was deprived of constitutional rights upon his trial in that (1) he was coerced into waiving his right to a trial by jury and pleading guilty "to a charge which the evidence showed he could not be guilty of committing;" (2) he was denied the appointment of competent counsel; (3) he was not given a public trial, and (4) he was prevented from securing a bill of exceptions, by "appointed counsel having lulled petitioner into a false security by a promise to make a Motion for New Trial and in Arrest of Judgment which he did not do."

The petition does not allege any facts in support of the claim that petitioner's waiver of trial by jury and his plea of guilty were coerced by a threat of life imprisonment unless he co-operated with the prosecution and the court. The only statement which deals with the conduct of the prosecuting attorney or the assistant public defender prior to the defendant's plea of guilty is the assertion that on his first visit to the defendant the assistant public defender "then began his methodical climb to that threat of a life sentence." This is obviously not a sufficient allegation of fact. And, in any event, the punishment for one of the crimes for which the defendant was indicted was imprisonment from one year to life, (Ill. Rev. Stat. 1951, chap. 38, par. 84,) so that discussion of the possibility of life imprisonment could not be avoided.

Defendant's petition also suggests, somewhat inconsistently, that he was promised that he would receive a sentence of no longer than ten years if he pleaded guilty. Neither the identity of the promisor nor the time, place

or circumstances of the alleged promise is stated. Defendant was fully advised of his rights by the trial court before his plea of guilty was accepted; the penalties to which he would be subject were explained, and he was specifically told that the court was aware of no agreement as to the penalty to be imposed. The petition repeatedly suggests that it was impossible for the petitioner to have committed the burglary with which he was charged. This claim appears to be based upon the fact that the burglary in question occurred in Chicago sometime during the night of August 28, and that petitioner had worked in Kenosha, Wisconsin, during the day of August 28. In view of the geographical facts, these allegations by no means establish physical impossibility. The petition fails to allege facts indicating any violation of petitioner's rights in connection with his plea of guilty.

The claim of incompetency of appointed counsel stems from occurrences which took place after defendant had withdrawn his original plea of not guilty and his plea of guilty had been accepted by the court after appropriate admonition. The indictment to which defendant pleaded guilty contained five counts charging (1) burglary with force; (2) burglary without force; (3) larceny of an automobile; (4) receiving stolen property, and (5) receiving a stolen automobile. The offenses of burglary and larceny are inconsistent with the offenses relating to the receipt of stolen property, in the sense that when a single transaction is involved a man cannot be guilty both of stealing property and of receiving it knowing it to have been stolen. (*People* v. *Hinkle,* 408 Ill. 533.) But it is settled that a general plea of guilty to such an indictment may be accepted, with the court then hearing evidence and imposing sentence for the crime established by the proof. *People* v. *Carr,* 255 Ill. 203.

The evidence on behalf of the People was read into the record pursuant to a stipulation between the prosecuting

attorney and petitioner's counsel. It showed that a burglary had occurred in Chicago between 6:00 P.M. on August 28, 1948, and 8:30 A.M. on August 29, 1948, in which a 1948 Packard automobile was stolen; that on the afternoon of August 31, 1948, a Chicago policeman pursued a speeding automobile and when he caught up with it at a stoplight, ordered the driver to pull across the street when the light changed, and pull over to the curb. Instead, when the light changed the car sped away. The officer pursued, and the pursuit continued until the car crashed into a truck. The car was the stolen Packard, and the defendant was its driver. Defendant was taken unconscious to the hospital. On this evidence, the People rested. The case thus made was sufficient to sustain a conviction of burglary. (*People v. Francis*, 362 Ill. 247.) Defendant was then called by his counsel. He testified that he had been in Kenosha, Wisconsin, for three months prior to the burglary; that he got a job there on August 27, 1948, and worked there on that day and on August 28; that he came to Chicago with his girl friend on Sunday night, August 29, 1948, arriving in Chicago about 2:00 A.M. on August 30. He testified that he "was doing a little drinking" and remembered nothing from the time he boarded an Archer Avenue streetcar until he regained consciousness after the collision. On cross-examination he testified that he did not come to Chicago on August 28. Petitioner's counsel then called as a witness the girl friend to whom petitioner referred. Her testimony was apparently intended to relate to the trip to Chicago on August 29. It was fragmentary and incomplete. It is now claimed by petitioner, although the claim is not supported by her affidavit, that had she been afforded an opportunity by petitioner's counsel she would have testified to his presence in Kenosha on the night of August 28 when the automobile was stolen. If the case had been tried upon a plea of not guilty, the inadequacy of the examination of petitioner and his girl friend by petitioner's counsel would

have suggested lack of competency. But all of this testimony was offered after petitioner had entered his plea of guilty, and we are therefore unable to say that any constitutional right of the prisoner was infringed.

Petitioner's claim that he was deprived of his constitutional right to a public trial is based upon the allegation that after he was found guilty a recess was declared, after which he was brought back into the judge's chambers, where his past criminal record was put before the judge and sentence was imposed. He alleges that his girl friend and her brother who were present in the court room were excluded from the hearing in chambers and that two persons whom he believes were attorneys for an automobile finance company were present. In our opinion these allegations are not sufficient to show a deprivation of petitioner's right to a public trial. We have been directed to no authority, and we have found none, which holds that a hearing on mitigation and aggravation entered after a finding of guilty must take place in open court. Furthermore, in this case no objection to conducting the hearing on mitigation and aggravation in the judge's chambers was made by petitioner or his counsel. Had an objection been made, the defect now complained of could readily have been cured.

There were remarks by the trial judge which showed a facetious attitude inappropriate to the performance of judicial duties. We do not believe, however, that they constitute a violation of defendant's constitutional rights. And in the absence of any ground upon which motions for a new trial and in arrest of judgment could have been urged with some possibility of success, petitioner was not injured by their omission.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*