(No. 34128.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JUDSON GRIFFIN *et al.*, Plaintiffs in Error.

*Opinion filed September 26, 1956.*

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

In 1953, Judson Griffin and James Crenshaw were co-defendants to an indictment for armed robbery in the

criminal court of Cook County. They were convicted and sentenced to the penitentiary. They filed in the trial court a motion requesting that they be furnished copies of the common-law record and of the transcript of proceedings without cost. The motion was denied. Thereafter, they filed a petition under the Post-Conviction Hearing Act which alleged that failure to furnish the stenographic transcript of proceedings at the trial violated sections 2 and 19 of article II of the constitution of Illinois, and denied them due process and equal protection of the law under the fourteenth amendment to the Federal constitution. The trial court dismissed this petition and this court affirmed the dismissal on the ground that it presented no substantial constitutional question. The Supreme Court granted *certiorari* and vacated the judgment of this court. *Griffin* v. *Illinois,* 351 U.S. 12, 100 L. ed. 891.

The cases are again before us on the mandate of the Supreme Court which remanded the cause for further action not inconsistent with the following paragraph of the opinion of Mr. Justice Black: "The Illinois Supreme Court denied these petitioners relief under the Post-Conviction Act because of its holding that no constitutional rights were violated. In view of our holding to the contrary the State Supreme Court may decide that petitioners are now entitled to a transcript, as the State's brief suggests. See Ill. Rev. Stat., 1955, c. 37, 163f. Cf. *Dowd* v. *United States ex rel. Cook,* 340 U. S., at 209-210. We do not hold, however, that Illinois must purchase a stenographer's transcript in every case where a defendant cannot buy it. The Supreme Court may find other means of affording adequate and effective appellate review to indigent defendants. For example, it may be that bystanders' bills of exceptions or other methods of reporting trial proceedings could be used in some cases. The Illinois Supreme Court appears to have broad power to promulgate rules of procedure and

appellate practice. We are confident that the State will provide corrective rules to meet the problem which this case lays bare."

So far as the present petitioners are concerned, disposition is not difficult. We were in error in holding that no constitutional question of substance was presented. The judgment of this court is therefore vacated and the cause is remanded to the criminal court of Cook County with directions to vacate its judgment in the post-conviction proceeding. The constitutional objection, however, is one which does not affect the judgment of conviction, and that judgment need not be disturbed. The trial court will enter an order directing the court reporter to transcribe his notes in full and to deliver a copy of the transcript to each of the petitioners without charge. Petitioners may then proceed in accordance with the rules of this court.

The impact of the decision of the Supreme Court of the United States is not, of course, confined to these petitioners. The net of that court's holding is that since Illinois provides a full review of all errors alleged to have occurred in the course of a criminal trial at the instance of a defendant who brings before the reviewing court a transcript of the proceedings at the trial, Illinois violates the equal-protection clause of the fourteenth amendment (and perhaps the due-process clause as well) when it denies such a review to one who cannot afford to pay the court reporter for writing up the transcript. The scope of the decision is thus not limited to the case of the petitioners.

As to the future, the proper course is clear. Twenty-nine states provide free transcripts as of right to indigents convicted of noncapital crimes. (*Griffin* v. *Illinois,* 351 U.S. at 33, 100 L. ed. at 906.) That this course is highly desirable has long been apparent. The decision of the Supreme Court now makes it imperative.

Accordingly, on June 19, 1956, this court adopted Rule 65—1, which relates to persons sentenced after April

23, 1956, (the date of the decision in *Griffin* v. *Illinois*,) and which provides that upon a showing of indigence such persons shall be entitled to a copy of the transcript at the expense of the State.

As to the past, the problem has been more difficult. The doctrine announced in *Griffin* v. *Illinois* was not foreshadowed by earlier rulings. *Certiorari* had been denied by the Supreme Court in earlier cases which presented the identical issue. The dissenting justices in the Supreme Court pointed out that the opinion of Mr. Justice Black, in which the Chief Justice, Mr. Justice Douglas and Mr. Justice Clark concurred, "is not limited to the future. It holds that a past as well as a future conviction of crime in a state court is invalid where the State has failed to furnish a free transcript to an indigent defendant who has sought, as petitioner did here, to obtain a review of a ruling that was dependent upon the evidence in his case."

This aspect of the case prompted Mr. Justice Frankfurter to urge that the prospective character of the decision of the court should be recognized, in the manner sanctioned in *Great Northern Ry. Co.* v. *Sunburst Oil and Refining Co.* 287 U. S. 358, 363-366. But the suggestion does not appear to have been explicitly approved in any of the other opinions in the case.

We have considered the applicability of doctrines of waiver. Our rules require that reports of proceedings at the trial be presented to the trial judge for approval within 100 days from the entry of judgment, or within an extended period fixed by the trial judge. It could be held that a prisoner who did not request a free transcript within the time so fixed has waived his right. But waiver assumes knowledge, and we are unwilling to hold, under the circumstances of this case, that the constitutional rights of prisoners have been waived. As pointed out by Mr. Justice Frankfurter, "It would be an easy answer that a claim that was not duly asserted—as was the timely claim by

these petitioners—cannot be asserted now. The answer is too easy. Candor compels acknowledgment that the decision rendered today is a new ruling. Candor compels the further acknowledgment that it would not be unreasonable for all indigent defendants, now incarcerated, who at the time were unable to pay for transcripts of proceedings in trial courts, to urge that they were justified in assuming that such a restriction upon criminal appeals in Illinois was presumably a valid exercise of the State's power at the time when they suffered its consequences. Therefore it could well be claimed that thereby any conscious waiver of a constitutional right is negatived." 351 U.S. at 25, 100 L. ed. at 902.

The same considerations militate against the view that a prisoner who had pursued his remedy under the Post Conviction Hearing Act, but did not raise the present issue, is now barred by *res judicata.*

Accordingly we have amended our Rule 65—1 to provide for the furnishing of transcripts, if they can be procured, to indigent prisoners at the expense of the State. In the case of prisoners sentenced prior to April 23, 1956, the provisions of Rule 65 with respect to the time within which reports of proceedings at the trial are required to be presented are made inapplicable, and when the transcript has been furnished the cases will be reviewed upon petition for a writ of error. The procedure will be as provided for the review of judgments in post-conviction cases.

The judgment of the criminal court of Cook County is vacated, and the cause is remanded to that court for further proceedings in accordance with this opinion.

*Judgment vacated and cause remanded.*