(No. 34206.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JAMES C. HARTFIELD, Plaintiff in Error.

*Opinion filed May 23, 1957.*

JAMES C. HARTFIELD, *pro se.*

LATHAM CASTLE, Attorney General, of Springfield, FRED G. LEACH, of counsel,) for the People.

Mr. JUSTICE BRISTOW delivered the opinion of the court:

On April 23, 1936, plaintiff in error James C. Hartfield pleaded guilty to the crime of murder in the criminal court of Cook County and was sentenced to the penitentiary for a term of 99 years. In 1952 he sued out a writ of error from this court to review the judgment of conviction, but failed to file any record of the proceedings in the trial court within the time prescribed, and the writ of error was dismissed in accordance with our Rule 42. In addition to seeking a review of his conviction by this court on a writ of error, plaintiff in error sought to obtain relief under the Post-Conviction Hearing Act. However, his petition under that act was not filed until 1953, which was after the limitation period set forth in the act, and the petition was

therefore denied by the trial court. We denied a writ of error, and the Supreme Court of the United States denied *certiorari.* On October 24, 1956, plaintiff in error, again sued out a writ of error from this court to review the original judgment of conviction, and filed at that time the common-law record of said conviction. The State has filed a plea of limitations, and the cause is now before us on the writ of error and the plea.

Although there is no statute of limitations applicable to writs of error in criminal cases, it is well settled that the common-law limitation of 20 years is applicable to such writs. (*People* v. *Chapman,* 392 Ill. 168.) The record before us shows on its face that the original judgment of conviction was on April 23, 1936, and the present writ of error was not sued out until October 24, 1956, more than 20 years thereafter. The plea of limitations must therefore be sustained unless there are any facts in the record before us to excuse the delay.

Plaintiff in error argues that since his first writ of error was filed in 1952, which was within the period of 20 years, the limitation is not applicable. That contention cannot be sustained. His first writ of error was dismissed and the present writ of error is in no sense a continuation of the first one, but is an entirely separate proceeding. Plaintiff in error also urges that he was unable to purchase his common-law record in time to file the same within the time allowed by us on the first writ of error. However, this fact, even if taken as true, does not excuse his delay in suing out a writ of error prior to April 23, 1956. Since he failed to protect his right by obtaining a writ of error prior to the expiration of the 20-year period, the plea of limitations must be sustained.

The plea is therefore sustained and the writ of error is dismissed.

*Writ of error dismissed.*