(No. 35514.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* HENRY BERMAN, Plaintiff in Error.

*Opinion filed May 20, 1960.—Rehearing denied September 26, 1960.*

JEROLD S. SOLOVY, of Chicago, for plaintiff in error.

GRENVILLE BEARDSLEY, Attorney General, of Springfield, and BENJAMIN S. ADAMOWSKI, State's Attorney, of Chicago, (FRED G. LEACH, and JIM D. KEEHNER, Assistant Attorneys General, and FRANCIS X. RILEY, and JAMES R. THOMPSON, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE DAVIS delivered the opinion of the court:

In April, 1930, the defendant, Henry Berman, was tried by jury in the criminal court of Cook County for armed robbery, found guilty and sentenced to the penitentiary for a term of one year to life. His oral motion for a new trial was overruled.

Berman was represented by counsel appointed by the court, but no court reporter was provided to take shorthand notes of the trial proceedings. The record indicated that official shorthand reporters began their employment in the criminal court of Cook County on April 1, 1931. Prior thereto, a defendant in that court who desired to obtain the services of a shorthand reporter personally procured such reporter and paid for his services. It is undisputed that Berman was indigent and had no funds with which to pay for such services.

Since his original sentence in 1930, Berman has been continuously confined except for three periods of parole, which he violated after periods of liberty varying from a few months to nearly three years. In January of 1954, he filed a petition in the criminal court of Cook County under the Post-Conviction Hearing Act, (Ill. Rev. Stat. 1959, chap. 38, par. 826 *et seq.*) alleging that his constitutional rights had been violated through his inability to completely

review his conviction on the merits because the proceedings at his trial had not been reported. On motion, this petition was dismissed in the trial court. On May 25, 1954, in cause No. 1699, we denied writ of error to review the judgment dismissing the petition on the ground that failure to report the trial did not raise a constitutional question.

On February 27, 1957, Berman filed a petition in the criminal court under Rule 65—1 (Ill. Rev. Stat. 1957, chap. 110, par. 101.65—1,) in which he requested a free copy of the transcript of proceedings at his trial. Since no such transcript was available, the court denied the petition under the following provisions of the rule: "In the event the court finds that it is impossible to furnish petitioner a stenographic transcript of the proceedings at his trial because of the unavailability of the court reporter who reported the proceedings and the inability of any other court reporter to transcribe the notes of the court reporter who served at the trial, or for any other reason, the court shall deny the petition." Ill. Rev. Stat. 1957, chap. 110, par. 101.65—1(2).

After the petition had been denied, Berman filed a petition for writ of error in this court requesting that the 1930 judgment and sentence be set aside and the cause remanded for a new trial. We appointed counsel to represent him, after which a motion for a new trial was filed in the trial court in order to perfect an adequate record for review. This motion, which was denied on September 30, 1958, alleged that Berman was unable to obtain appellate review of his conviction on the merits because of the State's failure to provide a court reporter to attend the trial and transcribe the proceedings. The motion for a new trial and order denying it have been added to the record on appeal and we granted writ of error to review the judgment of the trial court.

It is defendant's position that the failure of the State to provide a transcript of the proceedings at his trial de-

prived him of his constitutional right to obtain a proper appellate review of his conviction as required by the United States Supreme Court in *Griffin* v. *Illinois,* 351 U.S. 12, 100 L. ed. 891; that by virtue of the decision in *Griffin,* every indigent defendant in this State has the right to have furnished to him, free of charge a complete transcript of the proceedings at his trial regardless of circumstances or conditions and irrespective of the possibility of its obtainment; that failure to furnish such transcript, for whatever reason, requires that defendant be given a new trial, otherwise the guarantees of due process and equal protection of the law of the fourteenth amendment of the United States constitution have been violated.

Defendant argues that the responsibility for lack of availability of transcript rests with the State, since it should have provided a reporter but failed to do so. He relies additionally upon *Eskridge* v. *Washington State Board of Prison Terms and Paroles,* 357 U.S. 214, 2 L. ed. 2d 1269. The questions presented here are the constitutionality of our Rule 65—1 and whether, under the circumstances of this case, *Griffin* or *Eskridge* require that defendant be granted a new trial.

After the decision of the United States Supreme Court in *Griffin,* we adopted Rule 65—1 to meet its constitutional requirements. We fully considered the scope, philosophy and purpose of that rule in *People* v. *Griffin,* 9 Ill.2d 164, and *People* v. *Johnson,* 15 Ill.2d 244. While the decision of the United States Supreme Court in *Griffin* did not specify retroactive operation, we sought to meet the problem fairly by providing that indigent prisoners who had been sentenced prior to April 23, 1956, might, where possible, obtain free transcripts of their trial proceedings and perfect a writ of error in this court. Ill. Rev. Stat. 1957, chap. 110, par. 101.65—1(2).

In *People* v. *Johnson,* 15 Ill.2d 244 at page 251, we stated: "Neither the constitutional requirement of equal

protection of the law nor that of due process proscribes a classification between groups differently situated, so long as a reasonable basis for the distinction exists. (*Morey* v. *Doud*, 354 U.S. 457, 1 L. ed. 2d 1485; see concurring opinion in *Griffin* v. *Illinois*, 351 U.S. 12, 100 L. ed. 891; *People* v. *Lawrence*, 390 Ill. 499.)" In the light of the orderly administration of justice, there is a reasonable basis for classification between indigent prisoners convicted prior to *Griffin*, where the transcripts of their proceedings are obtainable and where unavailable. It is only where it is impossible to furnish the petitioner a stenographic transcript of the proceedings at his trial that Rule 65—1(2) permits the court to deny the petition for such transcript. (Cf. *People* v. *Johnson*, 15 Ill.2d 244, 252.) The rule requires the State to furnish a free transcript if it can be procured. *People* v. *Griffin*, 9 Ill.2d 164, 168.

Defendant urges that the rule operates to deny due process and equal protection of the law in that a distinction is made relative to furnishing a transcript to an indigent defendant where it is unavailable and where obtainable. It must be remembered, however, that the Federal constitution neither requires nor demands a retroactive application of a new law. (*Great Northern Railway Co.* v. *Sunburst Oil & Refining Co.* 287 U.S. 358, 364, 77 L. ed. 360, 366; *Molitor* v. *Kaneland Community Unit Dist.* 18 Ill.2d 11, 28.) The law generally speaks prospectively, but as stated in *Griffin* v. *Illinois*, 351 U.S. 12, 26, 100 L. ed. 891, 902: "The judicial choice is not limited to a new ruling necessarily retrospective, or to rejection of what the requirements of equal protection of the laws, as now perceived, require. * * * In arriving at a new principle, the judicial process is not impotent to define its scope and limits."

In giving retroactive effect to the principles announced in *Griffin*, it was within our power to say that the rule promulgated would apply in certain cases and not in others

as long as the classes thereby created did not abridge the requirements of due process and equal protection of the law. Those requirements do not deny a State the right to make classifications in law "when such classifications are rooted in reason." The proscription is against "invidious discrimination." *Griffin* v. *Illinois*, 351 U.S. 12, 17, 21, 100 L. ed. 891, 898, 900.

It cannot fairly be said that Rule 65—1(2) invidiously discriminates between indigent prisoners when it offers to those convicted prior to April 23, 1956, a free transcript if it is humanly possible to furnish it, but not otherwise. In promulgating Rule 65—1, we gave consideration to the proper administration of criminal justice and the competing demands of due process and equal protection of the law.

There is nothing in the decision in *Griffin* which indicates that a defendant must be given a new trial if the transcript of proceedings is unavailable because the trial was unreported. The Supreme Court of the United States was neither required to, nor did it decide that issue in *Griffin* or in *Eskridge*.

In *Eskridge,* the State courts denied an indigent defendant's request for a free transcript of the proceedings in a murder case. Thereafter, Eskridge applied for *habeas corpus* in the Washington Supreme Court charging that the failure to furnish a free transcript violated the due process and equal protection clauses of the fourteenth amendment to the constitution of the United States. His petition was denied without opinion. The United States Supreme Court granted *certiorari* and the opinion which followed held that the failure of the State to furnish Eskridge with a free transcript was a denial of his constitutional right under the fourteenth amendment. The cause was remanded to the State court for further proceedings consistent with the views expressed in the opinion. The facts recited in the opinion clearly indicate that the transcript of the trial is still available, though the hearing

took place in 1935. Therefore, *Eskridge* is clearly distinguishable from the case at bar. Moreover, the opinion states, at page 1271 (L. ed.): "We do not hold that a State must furnish a transcript in every case involving an indigent defendant. But here, as in the Griffin case, we do hold that '[d]estitute defendants must be afforded as adequate appellate review as defendants who have money enough to buy transcripts.'" In the case at bar, if Berman had the wealth of the world, he could not purchase a transcript of the proceedings at his trial since the trial proceeded without the services of a court reporter and no record was made.

Thus, *Eskridge* does not hold that the principles announced in *Griffin* must be given uniform application in retrospect or that the result announced either in *Griffin* or *Eskridge* is applicable when no transcript is available. The United States Supreme Court has never decided that question.

Meanwhile, we are committed to the policy that the requirements announced by *Griffin* will be given retroactive effect in those cases where a transcript is available and not in those cases where none can be procured. (Ill. Rev. Stat. 1957, chap. 110, par. 101.65—1(2).) Our rule is designed to meet and overcome the evil of "unenlightened economy" pointed out in *Griffin*, to the extent that it is possible to do so. It permits persons convicted prior to April 23, 1956, to obtain a free transcript, if such can be procured, even though they had failed to file such transcript within 100 days after their conviction, as required by Rule 65. (Ill. Rev. Stat. 1957, chap. 110, par. 101.65.) However, it will not open the prison doors to felons who, through a fortuitous circumstance, find themselves in defendant's position. The fourteenth amendment to the United States constitution, as presently construed, does not command that result.

There is an additional reason why the State need not.

furnish defendant with a transcript and why we need not grant him a new trial. In neither *Griffin* nor *Johnson* were we called upon to consider whether Rule 65—1 would be applicable only within the 20-year period within which a writ of error could be prosecuted at common law in criminal cases. (*People* v. *Munroe,* 15 Ill.2d 91; *People* v. *Hartfield,* 11 Ill.2d 300; *People* v. *Chapman,* 392 Ill. 168.) This question first reaches us in this proceeding. Reason and consistency dictate that the limitation period heretofore recognized must be construed as a proscription against the application of Rule 65—1 in the case at bar, since the defendant was convicted in 1930 and the petition for writ of error was not filed until 1959.

It was not until 1954 that defendant took any action whatsoever to review his conviction, and he then filed petition for writ of error under the Post-Conviction Hearing Act. During the intervening years since 1930, memories may have grown dim and death has taken its toll of both the witnesses of this crime and officers of the court. While defendant here seeks a new trial, the practical effect of granting such relief would be to order his discharge. Therefore the judgment of the criminal court of Cook County denying the motion for a new trial is affirmed.

*Judgment affirmed.*