THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CHARLES EDWARD THOMAS, Defendant-Appellant.

Second District   No. 82—265

Opinion filed November 10, 1983.

G. Joseph Weller and John R. Wimmer, both of State Appellate Defender's Office, of Elgin, for appellant.

Daniel D. 'Doyle, State's Attorney, of Rockford (Phyllis J. Perko and Martin P. Moltz, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

Following a bench trial the defendant, Charles Edward Thomas, was convicted of robbery and sentenced to a two-year term of proba-

tion, conditioned on serving 60 days of periodic imprisonment and paying restitution. He appeals, contending that he was not proved guilty of the offense beyond a reasonable doubt.

The victim testified that on October 13, 1982, she had tucked her purse under her left arm pit with the straps down as she walked towards the entrance to a supermarket. When she started to step upon the cement slab at the entrance, an individual whom she noticed standing on the slab quickly moved and "punched the purse from under my arm and ran." She did not see the party directly and did not know which hand he used. She said that she wore a light fall jacket and later noticed that she had a "red streak" on the inner part of her arm, about an inch wide and five inches long. There was no further description of the "streak." She said that she showed it to the store manager but did not show it to the police when they arrived.

The defendant testified that he was not present at the scene.

■ Robbery requires "the use of force" or "threatening the imminent use of force." (Ill. Rev. Stat. 1981, ch. 38, par. 18—1.) "Thus, if no force or threat of imminent force is used in the taking, there is no robbery, although the act may constitute a theft." (*People v. Patton* (1979), 76 Ill. 2d 45, 48.) In *Patton*, the victim's purse, which she was carrying in her finger-tips at her left side, was "swift[ly] grab[bed]" throwing her arm back "a little bit." (*People v. Patton* (1979), 76 Ill. 2d 45, 47.) The court concluded that this was not proof of force under the statute, stating the rule from *Hall v. People* (1898), 171 Ill. 540, 542-43, that when an article is taken "without any sensible or material violence to the person, as snatching a hat from the head or a cane or umbrella from the hand," the offense is theft from the person rather than robbery. *People v. Patton* (1979), 76 Ill. 2d 45, 50.

■ The degree of force necessary to prove robbery "must be such that the power of the owner to retain his property is overcome, either by actual violence physically applied, or by putting him in such fear as to overpower his will." (*People v. Williams* (1961), 23 Ill. 2d 295, 301.) "Larceny from the person" and not robbery is proved when property is taken from the person without violence or intimidation and without any struggle for its possession. (*People v. Williams* (1961), 23 Ill. 2d 295, 301.) Any doubt must be resolved in favor of the lesser offense. *People v. Williams* (1961), 23 Ill. 2d 295, 301.

■ ■ It is clear that the gist of the offense of robbery from the person of another is not related to the force used on the object taken but to the force or intimidation directed at the person of the victim. (*People v. Patton* (1979), 76 Ill. 2d 45, 49.) Where, as here, there has

been no claim of intimidation, the emphasis must be placed on the overcoming of resistance by force. If there were a struggle, implying resistance and a reaction to force, the taking would have been robbery. (*People v. Patton* (1979), 76 Ill. 2d 45, 50.) Here, the only evidence of force must be found in the victim's testimony that the taking resulted in a "red streak" on her arm. The State invites us to adopt a rule that whenever a purse snatching victim is injured *to any degree,* sufficient force to sustain a robbery conviction automatically exists, regardless of the severity of the injury. We decline to do so. Under the circumstances of this case the State was required to prove "sensible or material violence to the person." (*People v. Patton* (1979), 76 Ill. 2d 45, 50.) We conclude that the record does not meet that test.

The cases cited by the State are distinguishable. In *Klein v. People* (1885), 113 Ill. 596, the handbag was grabbed with such force that the victim's arm was bruised, rending it lame for several days. In *People v. Kennedy* (1980), 88 Ill. App. 3d 365, 368-69, there was a struggle for the property, in the course of which the victim was pushed against a wall. In *People v. Huntington* (1983), 115 Ill. App. 3d 943, 945, the defendant "tore the purse" from the victim with such force that she spun one-quarter of the way around and lost her balance.

■ As *Patton* instructs us, there is little practical distinction between robbery and larceny from a person; " '[t]he two crimes approach each other so closely that cases may arise where it may be doubtful upon which side of the line they should fall. Still, it is the duty of courts *** to resolve such doubts in favor of the accused.' " *People v. Patton* (1979), 76 Ill. 2d 45, 50.

■ We have no doubt from the record in this case that the defendant was proved guilty beyond a reasonable doubt of theft from the person, with which he was also charged. (Ill. Rev. Stat. 1981, ch. 38, par. 16—1(a).) The difficulty, however, is that the trier of the facts made no finding at any time that defendant was guilty of theft, and the defendant was not convicted of that offense. Generally, the adjudication of guilt of one crime without any finding that a separate crime has been committed is acquittal of the separate crime charged. (*People v. Hinkle* (1951), 408 Ill. 533, 534-35.) In *Hinkle,* proof that the accused knowingly received stolen property did not support a conviction under an indictment charging him with larceny. The court concluded that the adjudication of guilt of larceny without any finding on the count charging receiving stolen property was equivalent to an acquittal on the latter count. (408 Ill. 533, 535.) The State suggests that under *People v. Romo* (1980), 85 Ill. App. 3d 886, 893, we have the

power to reduce the offense of robbery to theft in the event we conclude robbery has not been proved. *Romo*, however, is based on the premise that theft is a lesser included offense of robbery. We cannot accept this premise in view of the expression by our supreme court in *People v. McCarty* (1983), 94 Ill. 2d 28, 34-35, that robbery as defined by the legislature is not a "type of theft" but a separate crime against property.

The judgment of the circuit court of Winnebago County is reversed.

Reversed.

UNVERZAGT and HOPF, JJ., concur.