THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CHRISTOPHER WARE, Defendant-Appellant.

First District (1st Division)   No. 85—2410

Opinion filed March 31, 1988.

Paul P. Biebel, Jr., Public Defender, of Chicago (James H. Reddy, Assistant Public Defender, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Thomas V. Gainer, Jr., and John A. Gasiorowski, Assistant State's Attorneys, of counsel), for the People.

JUSTICE BUCKLEY delivered the opinion of the court:

After a jury trial, the defendant was found guilty of robbery and was sentenced to a five-year prison term. On appeal, he contends that he was not proved guilty beyond a reasonable doubt.

At trial, the 60-year-old victim testified that on the afternoon of March 8, 1985, as she was stopped in her car at a traffic signal in Chicago, the defendant twice smashed her passenger side window with a metal object. When the window broke, the defendant leaned well into the car, took the purse lying next to her on the front seat, and fled. Later that day, the police returned her purse; however, $4,500 in cash was missing. Three weeks later, the victim, who also testified that she had been frightened, upset and shocked, and had

seen the defendant's "whole face" during the incident, immediately identified him in a lineup. For the defense, the defendant and a friend testified that he was watching television at the time of the crime.

After the jury found the defendant guilty of robbery, defense counsel moved for a new trial, arguing that a "smash and grab" of this sort lacked the force requisite in a robbery. The State responded that the force used in breaking the car window and entering the car suspended the victim's will. The trial judge then specifically found that "force or imminent use of force" (see Ill. Rev. Stat. 1985, ch. 38, par. 18—1) was used, denied the motion for a new trial, and imposed sentence.

■ We reject the defendant's contention that he was not proved guilty of robbery beyond a reasonable doubt. Here, despite the defendant's technical claims that he did not actually touch the victim or forcibly take the purse from her person, the evidence clearly revealed his use of force in smashing the car window with a metal object and then leaning into the victim's car, as well as the implicit threat, inherent in the defendant's conduct, of the imminent use of more force if she tried to stop him from taking the purse from her presence. Given these factors, as well as the trial judge's specific conclusion, we find no justification for disturbing the jury's determination of guilt beyond a reasonable doubt. See, *e.g., People v. Bowel* (1986), 111 Ill. 2d 58, 488 N.E.2d 995; *People v. Larson* (1980), 82 Ill. App. 3d 129, 402 N.E.2d 732. See also *People v. Williams* (1985), 131 Ill. App. 3d 597, 475 N.E.2d 1082. *Cf., e.g., People v. Thomas* (1983), 119 Ill. App. 3d 464, 456 N.E.2d 684.

■ Accordingly, the judgment of the circuit court of Cook County is affirmed. As part of our judgment, we· grant the State's request that the defendant be assessed $50 as costs for this appeal.

Affirmed.

CAMPBELL, P.J., and O'CONNOR, J., concur.