(No. 40567.-

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* GOLDEN McMATH, Appellant.

*Opinion filed September 24, 1968.*

WARD, J., took no part.

KENNETH K. HOWELL, of Chicago, appointed by the court, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and JOHN J. STAMOS, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and ELMER C. KISSANE and ALAN GERSH, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

The defendant, Golden McMath, was tried by jury in the criminal court of Cook County and convicted of the crime of rape for which he was sentenced to the penitentiary for a term of 25 years. He has appealed directly to this court, contending that certain oral statements admitted in evidence were involuntary.

At the time of defendant's conviction he was 16 years old. He was arrested shortly after midnight and orally admitted his guilt at the time of the arrest. This confession is not challenged. At about 8:30 the same morning he again admitted his guilt and at about 2 P.M. at a police line-up he identified the victim and admitted raping her. It is these two confessions which are attacked here. Defendant's argument that these statements were inadmissible is not based upon any claim that physical force was used against him or that he was threatened or promised leniency if he would

confess. Defendant bases his claim upon his age, the fact that he did not have the assistance of counsel while in police custody, and the fact that he was questioned over a period of hours.

The record discloses that testimony concerning the statements made by the defendant was admitted in evidence without objection and no request was made for a hearing outside the presence of the jury to determine whether the statements were voluntary. Under well established rules, the failure to object or request such a hearing is a waiver of the claim now presented. (*People* v. *Lyons*, 36 Ill.2d 336.) The defendant seeks to escape the operation of this rule by contending that the Supreme Court of the United States has, since defendant's conviction in 1955, expanded the concept of voluntariness under the due process clause, so that confessions which would have been ruled voluntary in 1955 would today be held to be involuntary. Principal reliance is placed upon *Gallegos* v. *Colorado* (1962), 370 U.S. 49, 8 L. Ed. 2d 325, 82 S. Ct. 1209, dealing with a confession of a youthful defendant, and *Miranda* v. *Arizona* (1966), 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602, pertaining to the right to counsel at the time of custodial interrogation. The thrust of this argument is that defendant was unaware in 1955 of his right to object to the admission of these confessions on constitutional grounds and that failure to exercise a right which was then unknown cannot operate as a waiver, since waiver assumes knowledge. Although the legal principle is valid (see *Miranda* v. *Arizona*, 384 U.S. 436, 496, 16 L. Ed. 2d 694, 86 S. Ct. 1602, 1639, footnote 69; and *People* v. *Griffin*, 9 Ill.2d 164, 167), we are of the opinion that defendant's argument is based upon a faulty premise.

The new standards established in *Miranda* concerning advice to a defendant of his right to counsel prior to interrogation are not retroactive and the absence of counsel is only one circumstance to consider in determining whether

a confession is voluntary. (*Johnson* v. *New Jersey,* 384 U.S. 719, 16 L. Ed. 2d 882, 86 S. Ct. 1772.) Although *Gallegos* was decided after defendant's trial, it established no new standards applicable to questioning of youthful defendants and the ruling in the *Gallegos* case was based upon *Haley* v. *Ohio,* 332 U.S. 596, 92 L. Ed. 224, 68 S. Ct. 302, which was decided in 1948. That case involved a 15-year-old boy who had been questioned for 5 hours by relays of police officers in the absence of counsel. The court held that in view of the age of the defendant and the fact that he was questioned throughout the night without a friend or counsel to advise him, the confessions were involuntary. On this appeal defendant argues that the facts are similar to those in the *Haley* case and says that the language of the *Haley* opinion could be applied here almost without changing a word. This argument establishes that there was a waiver. Assuming, without deciding, that the facts in this case are so similar to those in *Haley* that the language of *Haley* can be applied here, it is apparent by defendant's own argument that at the time of defendant's trial in 1955 there was precedent for objection to the confessions on constitutional grounds. The defendant is chargeable with knowledge of the law at the time of his trial. He did not see fit to request a hearing on the voluntary nature of the confessions and did not object to testimony concerning them. Failure to do so was a waiver and the question is not open for consideration on appeal. Since there are no other issues raised, the judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.