People of the State of Illinois, Plaintiff-Appellee, v. Dennis McMillan and Kenneth Krause, Defendants-Appellants.

Gen. Nos. 53,145, 53,146.

First District, Fourth Division.

April 8, 1970.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Shelvin Singer and James J. Doherty, Assistant Public Defenders, of counsel), for appellants.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Robert McGee, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE ENGLISH delivered the opinion of the court.

OFFENSE CHARGED
Armed robbery. Ill Rev Stats 1967, c 38, § 18–2.

JUDGMENT
After a bench trial, both defendants were found guilty as charged, and sentenced to terms of 3 to 9 years.

CONTENTIONS RAISED ON APPEAL
1. Defendant McMillan was prejudiced by the admission of an in-court identification resulting from an unfairly suggestive and prejudicial out-of-court confrontation.
2. Defendants were not proven guilty beyond a reasonable doubt.

EVIDENCE
William J. Dolighan, for the State:
On December 30, 1967, at approximately 4:00 a. m., he was walking south on the east side of the street in the 2800 block of North Orchard Avenue. That evening he

had been to a party and had stopped at a nearby bar on his way back to the car. He had had a "moderate amount to drink"—three bottles of beer in three hours.

He observed an automobile going north which stopped under a streetlight about 25 to 30 feet away. A man got out from the passenger's side of the auto and walked up to the witness. The man, identified in court by the witness as defendant McMillan, mumbled something from 15 feet away. The witness asked if he was speaking to him, and McMillan replied, "Yes. Give me your money." The witness reached into a topcoat pocket when McMillan said, "Don't mess with me . . . or I'll plug you with this," indicating a gun in his right hand. The witness then handed him the wallet, which defendant took without looking into and went back to the car. Defendant got into the car through the passenger's door and the car pulled away.

The witness could not ascertain, from 15 or 20 feet, whether there were other persons in the vehicle. He noticed that the car was pink with a white top, and believed it was a 1956 Chevrolet. The car being directly under a streetlight, he noted the license number as it pulled away, and reported it to the police as either PX 592 or PX 892.

He described the gun used in the robbery as black, not a revolver but resembling a German Luger. He identified the gun (which the State offered into evidence) as substantially similar to, or the actual weapon which had been in McMillan's hands during the robbery.

The entire occurrence lasted about two minutes, half of that time in the face-to-face confrontation with Mc-Millan from a distance of three feet. He described his robber as about 22 years old, five feet ten inches tall, with rather dark blond hair, wearing a black coat, light trousers, and black gloves. On the following morning (December 31), he went to the police station where he saw both defendants sitting next to a window wearing

handcuffs. This was the first time he had seen Krause. The only others present at that time were police personnel. He identified McMillan as his robber. He was positive he was the one, although he did not recognize his voice.

Joseph Kondal, for the State:

He is a police officer, and on December 31, 1967, at about 6:00 a. m., he was summoned by a citizen who stated that two men had just forced a woman into a 1957 Chevrolet, pink with a white top. He followed and then stopped the designated vehicle which bore Illinois license number PX 897. He pointed out both defendants in the instant case as having been in the car at that time, along with a female passenger. Krause was driving the car.

He searched both men and recovered from McMillan a .22 caliber blue-stained high standard automatic pistol with seven cartridges in the magazine and one in the chamber. The gun was admitted into evidence without objection.

Frank Blasch, for the State:

He is a police detective who questioned Krause after his arrest with regard to the use of his automobile. Krause told him that he had not loaned the car to anyone since he had purchased it, and that he had been its sole driver. The license number of the car was PX 897, registered to Ronald Krause (brother of defendant Kenneth Krause).

Dennis McMillan, on his own behalf:

He first saw witness Dolighan cn December 31, 1967, at the police station. He did not see him on December 30. On that day he was returning from Sycamore, Illinois, where he had visited his mother. He had left Chicago about 8:30 p. m. on December 29, arriving in Sycamore at 10:00 p. m. He drove around for a while in DeKalb until his mother came home from work, and visited with her from 12:30 to 3:30 a. m. He arrived back in

Chicago at 4:45 or 5:00 a. m., went to Krause's house, and parked the car, which he had borrowed from him. It was a pink and white 1957 Chevrolet. He had promised to have the car back by 5:30 a. m. Then he and Krause went "just riding around" near Krause's house on the northwest side of Chicago.

On the date of the arrest, December 31, at about 6:00 a. m., he was with Krause and a girl by the name of Sandy. They were riding in the pink and white Chevrolet. He identified the weapon in evidence as one he had purchased on December 15, 1967.

Kenneth Krause, on his own behalf:

He denied driving his automobile in the vicinity of Belmont and Orchard Streets (the scene of the robbery) on the morning of December 30, 1967. He had been at home the entire evening. He had allowed McMillan to borrow his automobile that evening at 8:00 p. m., to go out and see his mother. His automobile is a 1957 Chevrolet two-door sedan, pink bottom and white top, license number PX–972. When arrested, he told Detective Blasch that he didn't normally lend his car out, but did not tell him anything about McMillan's having used it. He never let anybody borrow the car except that one time. Nobody else had keys to the car.

On December 30, 1967, after McMillan returned at 5:00 a. m., Krause drove out to get something to eat. McMillan and Sandy King, who was living with Krause, went along, but they didn't find a restaurant that was open, so they went back to his house.

OPINION

Defendant McMillan contends that the police station confrontation with the robbery victim was so unnecessarily suggestive and conducive to irreparable mistaken identification that he was denied due process of law. He argues that, under the totality of the circumstances, the in-court identification should have been excluded. See

Stovall v. Denno, 388 US 293; Gilbert v. California, 388 US 263; and People v. Nelson, 40 Ill2d 146, 238 NE2d 378. While the police procedure in the instant case, consisting of a showup at the police station with the defendants handcuffed, merits severe criticism, the in-court identification may nevertheless be admissible if it is shown, by clear and convincing evidence, that the courtroom identification had an independent origin, arising from an earlier uninfluenced observation of the defendant. See People v. Blumenshine, 42 Ill2d 508, 250 NE2d 152; People v. McMath, 104 Ill App2d 302, 312–313, 244 NE2d 330, affirmed, 40 Ill2d 388, 240 NE2d 593; and People v. Cook, 113 Ill App2d 231, 252 NE2d 29.

■ The testimony of the victim indicates that he had an opportunity at the scene of the crime, under adequate lighting, to observe defendant McMillan face to face for about a minute, and for another minute as defendant had approached him and returned to the automobile. The victim's description of his assailant to the police was positive and was corroborated by the recovery of defendant's coat and the weapon found in his pocket. Moreover, there is strong corroborating evidence in the fact that the victim's description of the automobile at the scene—unusual in its color combination—matched that in which defendant McMillan was riding when arrested. These facts clearly disclose an uninfluenced observation of defendant, prior to and independent of the showup, adequate to serve as the basis for the in-court identification. See People v. Cook, 113 Ill App2d 231, 252 NE2d 29, and the other citations above.

■ Both defendants contend that they were not proven guilty beyond a reasonable doubt. McMillan attempts to discredit the victim's identification, particularly because of his failure to make a voice identification. We have already noted that we believe the identification of McMillan by the victim was positive and certain. More-

■

over, it is primarily the function of the trier of fact to consider contradictory or inconsistent testimony and to determine the credibility of the witnesses and the weight to be given their evidence. People v. Coulson, 13 Ill2d 290, 149 NE2d 96. There is no basis for a different conclusion on this point under the circumstances of this case.

■ McMillan offered an alibi at trial which he asserts also raises a reasonable doubt of his guilt. According to his own testimony, however, he was in possession of the car at the time of the occurrence (though he claims to have been some distance away). Firm identification testimony and the circumstances of defendant's arrest provide strong links to the crime. Defendant's alibi is further weakened because it is unsupported, since Krause's testimony that they were together at another location related, at the earliest, to approximately 5:00 a. m., which was an hour after the crime was committed. The trier of fact, whose province it is to assess credibility, rejected defendant's version of the facts, and we see no reason to disturb that decision, as we find the evidence in the record sufficient to establish McMillan's guilt beyond a reasonable doubt.

■ The evidence connecting Krause to the crime is far less satisfactory. It indicates that he owned the automobile in which he and McMillan were arrested on the day following the occurrence, and that the car fitted the description of the one used by the robber. His testimony contains discrepancies and his alibi position is not strong. Nevertheless, the evidence inculpating him does not include an identification by the robbery victim, nor is there any testimony to establish that there was more than one person in the car at the time of the robbery. We consider it highly probable that McMillan and Krause were there together and that they did collaborate in the

robbery. We cannot say, however, that the evidence as to Krause's participation meets the standard of proof beyond a reasonable doubt. We are, therefore, required to reverse his conviction.

The judgment of the Circuit Court is affirmed as to defendant McMillan and reversed as to defendant Krause.

Affirmed in part, reversed in part.

DRUCKER and LEIGHTON, JJ., concur.