## BARTOW v. BRANDS.

The court do right in refusing to non-suit, if the plaintiff has given any legal evidence applicable to either of the counts in his declaration, and which if believed by the jury, would entitle him to a verdict.

Many words not laid and not necessary to be laid in the declaration, may be lawfully given in evidence in an action of slander, to show the *quo animo* with which the words laid, were spoken ; and to evince the degree of malignity, on the part of the defendant.

---

This was an action on the case for words, tried before the Court of Common Pleas of the county of Warren, and a verdict and judgment in favor of the plaintiff. A writ of error was brought by the defendant, and the exceptions taken on the trial, and urged before this court, for a reversal, are fully disclosed in the opinion of the court, delivered by the Chief Justice.

*Maxwell*, for plaintiff in error.

*Sherrerd*, for defendant.

HORNBLOWER, C. J. This was an action for slander. The cause was tried on the general issue, and a verdict rendered for the plaintiff. After the evidence was rested on the part of the plaintiff, the defendant moved for a non-suit; but the court overruled the motion ; the defendant then called upon the court to overrule " all the evidence given in the cause, of words spoken by the defendant, of the plaintiff, and not charged in the declaration." This motion was also denied by the court; and to these opinions, the defendant excepted.

Bartow *v.* Brands.

The declaration has been unskillfully drawn; and if the cause was before us, upon a demurrer, or on a motion in arrest of judgment, would not probably sustain the scrutiny of the court. But upon this bill of exceptions, we are not at liberty to decide upon the validity of the declaration ; our examination must be confined to the points discussed in the court below, and brought here to be reviewed in this court : and

1st. Was there error in refusing to non-suit the plaintiff?

If the plaintiff had given *any* legal evidence, applicable to *either* of the counts in his declaration, and which, if believed by the jury, would entitle him to a verdict ; then the court did right in refusing to non-suit the plaintiff.

Upon a careful examination of the several counts, and of the evidence in the cause, as spread out in the bill of exceptions, I think the second and third counts are the only ones in the declaration, in support of which, any evidence was given. The words laid in the second, are as follows, viz : " John Brands made the attempt to rob me last night ; " *innuendo*, " that the plaintiff had been guilty of an assault and battery, with intent to rob ; and also the crime of larceny." The pleader does not appear to have paid much attention to the proper office of an *innuendo*. It cannot *extend* the sense of the words spoken, or make them mean what the words in their plain and natural sense do not import ; unless they are charged to have been spoken in reference to some fact, or circumstance, previously stated on the record, and which justifies such an explanation of them, as is made in the *innuendo*. *Rex.* v. *Horne, Cowp.* 684; *Barhaine's Case,* 4 *Co.* 20 ; *Hawkes* v. *Hawkes, East,* 427 ; 1 *Chit. Pl.* 387, *and seq.* The sense of words, appears by the cause and occasion of speaking them. *Cromwell's Case,* 4 *Co.* 13. Hence it is manifest, that the imputation by the *innuendo* in this case, of the crime of *larceny,* is purely gratuitous, and not justified by the words charged to have been spoken—nor is it clear that the other inference drawn from the words, viz : that the plaintiff had committed an assault and battery with intent to rob, is a legitimate one. Every attempt to rob a man, does not include or imply an assault and battery.

The third count is as follows : " about two o'clock at night, John Brands came to my bed, at William Muirheads, and took my pocket book from my vest pocket;" meaning that the plaintiff was guilty of larceny. Some question might also be made, as to the legitimacy of this *innuendo.* The words, " took my pocket book from my vest pocket," standing alone, and not spoken in reference to a larceny said to have been committed, do not imply an unlawful or felonious taking."

Nevertheless, the defendant having put himself upon the general issue, which includes not only a denial of speaking the words; but of speaking them with the malicious intent and meaning imputed to him ; we have only to enquire if the plaintiff gave any evidence in support of his allegations, which ought to have been submitted to the jury.

William Muirhead testified that he heard the defendant say, that the plaintiff had made an attempt to take his pocket book from under his head, that he had it in his jacket pocket, and he discovered something pulling at it, which awoke him—he then saw the plaintiff in the very act of taking his pocket book, out of his pocket. Again the same witness testified, that when he woke the plaintiff up, he said to him, " a man charges you with trying to get his pocket book ; " upon which the defendant said, " you are the scoundrel ; I caught you in the act." John Hawkins, another witness, testified that the defendant told him, " that a man had undertaken to rob him at Muirheads—that it was Brands—that he had his pocket book in his jacket pocket— he was asleep, and something woke him, and the man had his jacket pocket open, and had hold of his pocket book." A third witness testified, that the defendant said to him, " John Brands has undertaken to rob me, at Easton ; I was asleep : about two o'clock I felt something jerk from under my head ; I sprang over, grabbed the jacket, and made a grab with the other hand at the man; and with that Brands let go, and jumped into bed. A fourth witness testified to another conversation, much to the same effect. Now, if what the defendant said in the hearing of these several witnesses, was true, then the plaintiff had made an attempt to rob him.

I think this evidence was admissible under the second and third counts.

Let us test by the rule which is conceded by the counsel for the plaintiff in error, to be the true one, viz :—That the words proved, must convey the same ideas, that would be conveyed to a person who should read the words on the record. The words in the second count are, "John Brands made the attempt to rob me last night;"—and in the third count, "he took my pocket book from my vest pocket." The idea conveyed by these words, to every intelligent reader is, that Brands made an attempt to rob him; and that he, Brands, took the pocket book in an unlawful manner. Now it seems to me, that these are the very same ideas, that are derived from the words proved to have been spoken. He told the witness Hawkins, that a man had undertaken to rob him, and that man was John Brands. The words need not be proved to have been spoken in the same order in which they are laid, and a very slight transposition of the words as sworn by the witness, will make them read, "John Brands had undertaken to rob him,"—almost the very words laid in the declaration. Again, Muirhead testified that the defendant said, "he saw the plaintiff in the very act of taking his pocket book out of his pocket." And a third witness said, the defendant told him, that "John Brands had undertaken to rob him, at Easton."

This evidence, I think if believed by the jury, was sufficient to sustain the second if not the third count also—and therefore, the court below, were right in refusing to non-suit the plaintiff.

The second exception is founded on the decision of the court refusing to overrule *all* the words proved to have been spoken, and not laid in the declaration. The call made upon the court, was too general and extensive. The defendant's counsel should have pointed out the particular words, which he wished to have overruled; we cannot look through this bill of exceptions, to see if there is a single expression of a witness, that was irrelevant, or improper, and if we find one, reverse the judgment on that ground; when if the opinion of the court below, had been directed to that point, they might have overruled the evidence. Besides, many words not laid, and not necessary to be laid in the

declaration, may be lawfully given in evidence, in an action of slander, to show the *quo animo* with which the words laid, were spoken, and to evince the degree of malignity on the part of the defendant. .

I am therefore of opinion, the judgment must be affirmed.

FORD, J. concurred.

RYERSON, J. gave no opinion, having been of counsel in the cause.

*Judgment affirmed.*

CITED in *Joralemon* v. *Pomeroy*, 3 *Zab.* 275.