J. EDWARD TEASE, Circuit Judge.
Appellant was convicted by a Jefferson County Jury of the offense of theft of property in the first degree and sentenced to a term of seven years.
The evidence revealed that the sixty-nine year old prosecuting witness, Grace Spano, was the victim of a purse snatching in September of 1980. In addition to her testimony, the State presented Birmingham police officer, Sergeant C.F. Hoehn. The prosecuting witness testified about the incident itself and made an in-court identification of the appellant. Officer Hoehn testified that during his investigation he showed the prosecuting witness several photographs of suspects from which she identified the appellant as being the thief.
On appeal, appellant contends that the evidence was insufficient to support the jury’s verdict, and that the trial court erred in overruling appellant’s motion to exclude at the close of the State’s evidence. Without further comment, we find these contentions are without merit.
Appellant next contends that the trial court erred in overruling appellant’s motion for a mistrial based on certain unresponsive statements of the prosecuting witness.
The record reveals the following:
“Q. (By Mr. Jolly, Appellant’s Attorney) All right, now where did you next see Rodney Richburg?
“A. (Mrs. Spano) I saw him at the hearing. The last time I saw him was in the hearing and before the hearing started he came with a gang of other prisoners and I told Sgt. Hoehn, I said, ‘That’s the boy that robbed me.’
“MR. JOLLY: We object to this, Your Honor.
“MR. COLEE (District Attorney): He asked her when she saw him.
“MR. JOLLY: Well, I didn’t ask her about being with other prisoners and other things, and I clearly think we are entitled to a mistrial in this case.
“THE COURT: Well, I overrule your motion. It was your question. I overrule.”
Clearly, a portion of the witness’s answer would have been subject to exclusion on proper motion of the defendant. However, no such motion was made. Consequently, any objection was waived. C. Gamble, McElroy’s Alabama Evidence, § 121.08 (3d ed. 1977); Ivory v. State, 237 Ala. 344, 186 So. 460 (1939).
*790 We do not find that the unresponsive portion of the witness’s answer was so prejudicial to the defendant as to require the granting of defendant’s “motion” for mistrial.
With certain recognized exceptions, the granting of a mistrial is a matter within the discretion of the trial court. Duncan v. City of Birmingham, 384 So.2d 1232 (Ala.Cr.App.1980).
Appellant further contends that the trial court erred to reversal by allowing into evidence the group of photographs from which the victim first identified the appellant.
Defendant offered an alibi defense in this case. Consequently, Mrs. Spano’s identification of defendant was a material issue in the case because her testimony was all that connected the defendant to the crime. Cross examination of Mrs. Spano attempted to show that her identification of the defendant was based upon insufficient opportunity to view his face and other characteristics. Due to the inference of mistaken identity raised by cross examination, the trial court properly received the evidence of the photographic display to rebut such inference. Carlisle v. State, 371 So.2d 975, 977-78 (Ala.Cr.App.1979); Farley v. State, 406 So.2d 1045 (Ala.Cr.App.), writ denied, 406 So.2d 1050 (Ala.1981).
With reference to the group of photographs received into evidence, appellant asserts that such photographs carried an obvious implication of prior arrests. However, the photographs bear no markings or “cut lines” which connote prior police contact with defendant. In Farley v. State, supra, this court, quoting from Gross v. State, 395 So.2d 485 (Ala.Cr.App.1981), wrote:
“However, we do not consider mere photographs used by the police in apprehending the defendant, as those in this case, to be subject to the same objections as are mug shots, simply because the police had the defendant’s photograph in their possession before his arrest or capture.... Mere evidence of the use and possession of defendant’s photograph by the police prior to the defendant’s apprehension does not convey to the jury the same offensive and prejudicial connotations which are present in the introduction of a mug shot.”
After considering each contention raised by appellant, we find no reversible error. Therefore, the judgment of the lower court is affirmed.
The foregoing opinion was prepared by the Honorable J. EDWARD TEASE, Circuit Judge, temporarily on duty on the court pursuant to § 12-2-30(6), Code of Alabama 1975.
AFFIRMED.
All the Judges concur.