217 N.J. Super. 47 (1987)
524 A.2d 1278
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
CLIFFORD LAWSON, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted March 25, 1987.
Decided April 21, 1987.
*48 Before Judges FURMAN and DREIER.
Alfred A. Slocum, Public Defender, attorney for the appellant (Fred Ira Eckhaus, Designated Attorney, on the brief).
W. Cary Edwards, Attorney General, attorney for the respondent (Greta-Ann Gooden, Deputy Attorney General, of counsel and on the letter brief).
The opinion of the court was delivered by FURMAN, P.J.A.D.
*49 Defendant was convicted by jury verdict of second degree robbery, N.J.S.A. 2C:15-1a(1), of the disorderly person offense of simple assault, N.J.S.A. 2C:12-1a, and of fourth degree theft of property of a value less than $200, N.J.S.A. 2C:20-2b(3) and 2C:20-3a. The facts are set forth in the trial judge's opinion denying defendant's motion for a new trial, which is published at 202 N.J. Super. 511 (Law Div. 1984).
According to the jury verdict the theft by defendant was of property of Hahne's Department Store (Hahne's) in Westfield; Deborah Schlapak, a security guard employed by Hahne's was the victim of the robbery; and John DeBella, another Hahne's security guard, was the victim of the assault. Defendant had been stopped for questioning by the two security guards upon suspicion of shoplifting. He refused to accompany them to the security office. Breaking away, he punched DeBella, knocking him down, grabbed and pushed Schlapak and fled. Nothing was taken from the person of either security guard.
On appeal defendant raises two issues: Error in the trial judge's charge submitting two counts of robbery to the jury "where two persons were assaulted during the commission of a single theft;" and error "in permitting defendant to be seen dressed in prison garb by the jury without questioning defendant directly and not merely through his counsel as to the possible prejudice which may have attached."
The second issue raised by defendant clearly lacks merit, R. 2:11-3(e)(2). In defendant's presence outside the hearing of the jury his attorney several times confirmed that defendant understood that he had the right to appear before the jury in street clothes but, exercising his own judgment, had chosen to appear instead in prison garb. According to Estelle v. Williams, 425 U.S. 501, 507, 96 S.Ct. 1691, 1694-5, 48 L.Ed.2d 126, 133 (1976), "[T]he particular evil proscribed is compelling a defendant, against his will, to be tried in jail attire."
*50 We likewise discern no merit to defendant's first issue. Clearly, the trial judge was obligated to submit to the jury both counts of robbery, one charging robbery of Schlapak and one charging robbery of DeBella, in the light of the risk, if he did not, that an acquittal on one count would bar a subsequent prosecution on the other count. N.J.S.A. 2C:1-8b provides that, unless separate trials are ordered pursuant to the Rules of Court:
[A] defendant shall not be subject to separate trials for multiple criminal offenses based on the same conduct or arising from the same episode, if such offenses are known to the appropriate prosecuting officer at the time of the commencement of the first trial and are within the jurisdiction and venue of a single court.
In the event of two jury convictions of robbery, the trial judge would have had to determine whether the two convictions should be merged, as he noted in his published opinion, 202 N.J. Super. at 519. See N.J.S.A. 2C:1-8a: "A determination barring multiple convictions shall be made by the court after verdict or finding of guilt." This provision of the Code was adopted to preclude double jeopardy consequences by merger decisions prior to verdict, State v. Berrios, 186 N.J. Super. 198, 202, n. 2 (Law Div. 1982). Thus submission to the jury of two criminal charges, convictions of both of which would be subject to mandatory merger, is not error, State v. Moran, 73 N.J. 79, 82 (1977); N.J.S.A. 2C:1-8e.
On appeal, defendant does not challenge his conviction of theft on the ground that theft was a necessarily included element of robbery, mandating merger. We are nevertheless constrained sua sponte to vacate his theft conviction on that ground.
Defendant's robbery conviction was pursuant to N.J.S.A. 2C:15-1a: "A person is guilty of robbery, if in the course of committing a theft, he inflicts bodily injury or uses force upon another;" and the further statutory definition: "An act shall be deemed to be included in the phrase `in the course of committing a theft' if it occurs ... in immediate flight after the attempt or commission."
*51 Defendant committed theft of property of Hahne's. In immediate flight after its commission he inflicted bodily injury or used force on the security guard Schlapak. Robbery may be committed by assault upon one victim following a theft from another, State v. Mirault, 92 N.J. 492, 497 fn. 4 (1983). Theft or attempted theft is a necessary element of any robbery, State v. Carlos, 187 N.J. Super. 406, 412 (App.Div. 1982).
The published opinion below states at 518: "It is ... clear under the rationale of Mirault, that two robberies were committed." We express our disagreement. "Theft of Hahne's" was charged to the jury as a lesser included offense, not theft from Schlapak or DeBella individually.[1] A robbery conviction must be premised upon a separate theft, whether from the robbery victim or another, see Carlos at 416. N.J.S.A. 2C:15-1a should not be extended by implication to sustain two robbery convictions for assaults upon two victims in immediate flight after a theft or attempted theft from a third victim.
We vacate defendant's conviction of theft by merging it into his conviction of robbery. We otherwise affirm.
NOTES
[1] Carlos suggests in dictum at 417 that two robberies may be committed by taking property by threat or force from two persons who are in joint constructive possession of it.