232 N.J. Super. 300 (1989)
556 A.2d 1298
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
FRANCISCO SEIN, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted December 7, 1988.
Decided April 20, 1989.
*301 Before Judges GAULKIN, BILDER and R.S. COHEN.
Alfred A. Slocum, Public Defender, attorney for appellant (William E. Norris, Designated Counsel, of counsel and on the brief).
Cary Edwards, Attorney General, attorney for respondent (Annmarie Cozzi, Deputy Attorney General, of counsel and on the letter brief).
The opinion of the court was delivered by R.S. COHEN, J.A.D.
The question is whether a surprise purse snatching not accompanied by injury, threats, struggle or attempted resistance is a robbery (N.J.S.A. 2C:15-1) or a theft from the person (N.J.S.A. 2C:20-3). Defendant was convicted of robbery. He argues on appeal that he was at most guilty of theft, a lesser offense which was also submitted to the jury. In addition, he argues that the court's instructions were insufficient to enable the jury to distinguish adequately between the two offenses.
*302 The victim was Edythe Williams. Her account was the only description of the event the jury heard. She testified she was carrying a "clutch" purse, one designed to be carried under the arm and having no strap or handles. The purse was under Mrs. Williams' right arm as she stood by her car preparing to unlock the door. Defendant[1] walked up beside Mrs. Williams, very close and to her left. She thought he was going to ask her a question. She said nothing to him, and he said nothing to her. As Mrs. Williams was looking at defendant, waiting for him to say something, "he reached across [her] and just slid [her] pocketbook  which wasn't very hard to  from under [her] arm and took off." She screamed, "he took my purse, he took my purse." People came out of a nearby building to help. It was stipulated that Mrs. Williams suffered no bodily injury.
Robbery at common law is "the felonious taking of personal property from the person or custody of another by force or intimidation." State v. Butler, 27 N.J. 560, 589 (1958). The degree of force is not material. Force which prevents resistance is sufficient. 4 Wharton's Criminal Law § 472, at 55 (14th ed. 1981). Force is sufficient which induces the victim to part with his property unwillingly. Perkins on Criminal Law § 2, at 283 n. 33 (2nd ed. 1957). N.J.S.A. 2A:141-1 (repealed) was declaratory of the common law. It prohibited forceable taking from another by violence or putting in fear. State v. Bowden, 62 N.J. Super. 339, 345 (App.Div. 1960); State v. Cottone, 52 N.J. Super. 316, 323 (App.Div. 1958). See also State v. Culver, 109 N.J. Super. 108, 111 (App.Div. 1970). Larceny from the person was a theft without force or fear, State v. Harrison, 149 N.J. Super. 220, 227 (App.Div. 1977), for example, removal of a wallet from the pocket of a sleeping man. Bartow v. Brands, 15 N.J.L. 248, 250 (Sup.Ct. 1836).
In the new Criminal Code, theft was intended to include "snatching from the presence or even the grasp of the owner." *303 II New Jersey Penal Code: Commentary § 2C:20-3, at 222 (Final Report of the New Jersey Criminal Law Revision Commission 1971). As originally enacted in the Criminal Code, N.J.S.A. 2C:15-1 omitted the concept of "force." It provided that a person is guilty of robbery if, in the course of committing a theft, he:
(1) Inflicts bodily injury upon another; or
(2) Threatens another with or purposely puts him in fear of immediate bodily injury; or
(3) Commits or threatens immediately to commit any crime of the first or second degree.
In 1981, N.J.S.A. 2C:15-1(a)(1) was amended to add the words "or uses force" so that it now reads, "inflicts bodily injury or uses force upon another." L. 1981, c. 22, § 1.[2] The legislative statement explained the purpose of the amendment:
Senate Bill No. 885 extends the definition of robbery to cover the so-called "blindside" mugging. This occurs when a person commits an act of theft  for example a purse-snatching  by approaching the victim from behind and using some degree of force to wrest the object of his theft from the victim. Often, however, no bodily injury is inflicted in these cases and therefore the offense committed could be found to be a theft rather than robbery.
See also State v. Carlos, 187 N.J. Super. 406, 412 n. 1 (App.Div. 1982). The question defendant poses is whether the amended robbery statute is violated by a person who "reached across [the victim] and just slid [her] pocketbook  which wasn't very hard to do  from under [her] arm and took off."
Out-of-state authority is helpful but follows individual state statutes. See cases collected at Annot., Purse Snatching as Robbery or Theft, 42 A.L.R.3d 1381 (1972); Annot., Robbery  Force in Retaining Property, 93 A.L.R.3d 643 (1979); 4 Wharton's Criminal Law, supra, §§ 478-480, at 61-72. The statutes vary, but the cases dealing with force as an element of robbery generally require more force than it takes merely to separate the property from its owner. For example, the taking *304 of property from the person of another by stealth, as in a pocket picking, or by surprise, as in a sudden snatching, is usually held not to be a robbery. See e.g., Richburg v. State, 439 So.2d 788 (Ala.App. 1983); People v. Gary, 80 Ill. App.3d 817, 36 Ill.Dec. 53, 400 N.E.2d 473 (1980); Commonwealth v. Davis, 7 Mass. App. 9, 385 N.E.2d 278 (1979); State v. Austin, 60 Wash.2d 227, 373 P.2d 137 (1962); 4 Wharton's, Criminal Law, supra, § 479, at 65. But see Jones v. Commonwealth, 112 Ky. 689, 66 S.W. 633 (1902); Commonwealth v. Jones, 362 Mass. 83, 283 N.E.2d 840 (1972). A few jurisdictions require more than just a minor injury. See Lane v. State, 713 S.W.2d 223 (Tex. App. 1986); People v. Thomas, 119 Ill. App.3d 464, 75 Ill.Dec. 1, 456 N.E.2d 684 (1983).
There is no recent New Jersey authority. The words "force upon another" are not defined in the statute. They could conceivably mean offensive or violent force or merely the expenditure of effort. There is nothing, however, to indicate the Legislature meant to go beyond the common law concept of force. The legislative statement refers to "blindside muggings." Presumably they are street robberies facilitated by approaching the victim unseen to minimize the chances of avoidance or resistance.[3] But the statement describes "blindside muggings" as involving the use of "force to wrest the object ... from the victim." That is force applied to the victim, and not just the effort needed to move the object.
In our view, the amended robbery statute, like the common law and N.J.S.A. 2A:141-1 (repealed), requires the application of force upon another greater than is necessary merely to remove the property from the victim's person or control. This holding does not improperly reward the skillful thief. It properly penalizes the violent one.
*305 Where, as here, the victim is completely surprised by a purse-snatcher and offers no resistance, and force is applied only to the purse in order to separate it from the owner, the crime is not a robbery. Such force is not directed "upon another" but instead upon the object itself. Perkins on Criminal Law, supra, § 2, at 283. Such a case is very like a pick-pocketing. The only difference is the victim's awareness of the event, a difference of consequence only in Massachusetts. See Commonwealth v. Jones, 362 Mass. 83, 283 N.E.2d 840 (1972). The Legislature did not intend to render a sneak thief or pick-pocket a robber because effort is required to lift a wallet. See 67 Am.Jur.2d, Robbery §§ 29-32, at 84-87 (1985); 72 C.J.S., Robbery §§ 17-19, at 460-461 (1952). A sudden snatching could easily have been included in the robbery statute, if the Legislature chose to do so. See e.g., D.C.Code § 22-2901 (1981); Code of Ga.Ann. § 16-8-40 (1988).
There was insufficient evidence before the jury, viewing the proofs as a whole with the benefit of all legitimate favorable inferences, State v. Smith, 32 N.J. 501, 521 (1960), to justify the conclusion that defendant used force upon Mrs. Williams. There is no doubt, however, of the sufficiency of the proofs of the elements of theft. N.J.S.A. 2C:20-3.
We therefore must reverse the robbery conviction and remand for the entry of an amended judgment of conviction of theft, and for sentencing for that offense.
Defendant's appeal included criticism of the jury instructions. In robbery cases presenting the issue whether the element of force is present, the jury may have to distinguish between force used against a person and effort employed to move an object. The model charge says:
"Force" means any degree of physical power or strength used against the victim, even though it entails no pain or bodily harm and leaves no mark.[4]
*306 Without deciding the sufficiency of this language for any particular case, we recommend that, when the issue exists, the jury also be told the mere effort used to remove the object of the theft is insufficient, but it is enough if any degree of force is used against a person to overcome resistance or gain possession of the object.
Reversed.
NOTES
[1] There was an identification issue at trial which is not pursued before us.
[2] The injury or force need not involve the victim. "Another" also includes an arresting police officer or bystander. State v. Mirault, 92 N.J. 492 (1983); State v. Johnson, 411 So.2d 439 (La. 1982).
[3] Webster's Sports Dictionary defines the verb "blindside" as "to hit a player on his blind side, the side away from which the player is looking."
[4] See footnote 2, above.