STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT, v.
GREGORY J. ROSE, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted October 23, 1989—Decided January 5, 1990.

Before Judges J.H. COLEMAN, BRODY and SKILLMAN.

*Alfred A. Slocum,* Public Defender, attorney for appellant (*Thomas F. Donlon,* Designated Counsel, of counsel and on the brief).

*Peter N. Perretti,* Attorney General, attorney for respondent (*Tanya Y. Justice,* Deputy Attorney General, of counsel and on the brief).

The opinion of the court was delivered by

BRODY, J.A.D.

Following a jury trial, defendant was convicted of first-degree robbery, a violation of *N.J.S.A.* 2C:15–1a, for which he was sentenced to a 20–year prison term. The robbery was raised to a crime of the first degree because the jury found that defendant, either as a principal or an accomplice, purposely inflicted serious bodily injury upon the victim. *N.J.S.A.* 2C:15–1b.

Defendant was one of three people, including a juvenile, who entered a convenience store about 11:00 p.m. While two of the three went to opposite sections of the store to steal, the third severely beat the 56–year–old female clerk who was standing by the cash register. Her assailant, whom the clerk was not able to identify, knocked her to the floor and then repeatedly kicked her in the face, fracturing her jaw in two places. After the clerk lost consciousness, the assailant tried unsuccessfully to open the cash register. The trio then turned to leave when a customer came in. Defendant told the customer that the clerk had suffered a "fit" and that he had already called for an ambulance. The thieves then left carrying away cigarettes that they had stolen from the store.

The store manager testified that when he examined the store right after the robbery, he found that 40 cartons of cigarettes were missing from shelves and 80 packs were missing from an open display. The missing cigarettes were in the store when he had last taken inventory at 1:00 p.m. earlier that day. He estimated that the store usually sold between 10 to 15 cartons a day. He was not asked the price or value of the missing cigarettes.

Although acknowledging that he and his partners had entered the store to "shoplift" the cigarettes he had stolen, defendant testified that he never intended to injure anyone during their criminal venture. He said it was the juvenile who struck the clerk and tried to open the register. However, an accomplice, who was a witness for the State pursuant to a plea agreement, testified that although he did not see who struck

the clerk, he heard her fall and then saw defendant alone standing over her. He also testified that defendant had tried to persuade him to blame the juvenile for the assault when he testified.

Defendant's arguments, all raised for the first time on appeal, are as follows:

I. THE PROSECUTOR IN SUMMATION MADE IMPROPER STATEMENTS TO THE JURY DEFINING THE LAW TO BE CHARGED.

II. THE JURY SHOULD HAVE BEEN GIVEN THE LESSER INCLUDED CHARGE OF SHOPLIFTING.

III. THE JURY SHOULD HAVE BEEN GIVEN THE LESSER INCLUDED CHARGE OF ASSAULT.

IV. THE SENTENCE WAS EXCESSIVE AND BASED IN PART UPON ELEMENTS THAT WERE IMPROPER.

We are satisfied from a careful review of this record that except for Point II the issues raised are clearly without merit. *R.* 2:11–3(e)(2).

Defendant argues that theft by unlawful taking is a lesser offense included within first-degree robbery and therefore should have been given to the jury to consider even though defendant's trial counsel was satisfied that it not be charged. A trial court has the duty to charge a lesser included offense *sua sponte* when the facts clearly indicate the appropriateness of that charge. *State v. Choice,* 98 *N.J.* 295, 299 (1985). It is not appropriate to give such a charge *sua sponte* if to do so would "surprise the prosecution." *Id.* at 300.

The first-degree robbery of which defendant was convicted is defined in *N.J.S.A.* 2C:15–1 as follows:

A person is guilty of robbery if, in the course of committing a theft, he ... purposely inflicts ... serious bodily injury....

*N.J.S.A.* 2C:20–2a provides in part:

Consolidation of Theft Offenses. Conduct denominated theft in this chapter [Chapter 20] constitutes a single offense, but each episode or transaction may be the subject of a separate prosecution and conviction.

"By virtue of the 'consolidation' provision of *N.J.S.A.* 2C:20–2(a), a defendant charged with robbery is now on notice that *any* conduct denominated as theft is within the four corners of

a robbery indictment." *State v. Talley,* 94 *N.J.* 385, 393 (1983) (emphasis in original).

Chapter 20 denominates the unlawful taking of movable property theft. *N.J.S.A.* 2C:20–3a provides:

> a. Movable property. A person is guilty of theft if he unlawfully takes, or exercises unlawful control over, movable property of another with purpose to deprive him thereof.

*N.J.S.A.* 2C:20–2b provides for the "[g]rading of theft offenses," depending in most instances upon the "amount involved." The range is from a disorderly persons offense when the amount is less than $200 to a second-degree crime when the amount is $75,000 or more.

In a colloquy before the State rested, the trial judge stated that he would not charge theft as a lesser included offense.[1] When the judge then asked defendant's attorney if he wanted "to add anything to this dialogue," the attorney raised no objection. The State thus did not expect theft to be charged and therefore had no reason to submit evidence of the "amount involved" in the theft, an element of the offense. *State v. Vasky,* 218 *N.J.Super.* 487, 491 (App.Div.1987). Had the judge charged theft *sua sponte* in these circumstances, the jury could have found defendant guilty of no more than a disorderly persons offense. "Where there is no evidence of pecuniary loss, for grading purposes it is assumed that the loss was nominal...." *State v. Clarke,* 198 *N.J.Super.* 219, 226 (App. Div.1985).

Without having received notice at trial that the jury could find defendant guilty of theft, the State did not have a fair opportunity to prove that the theft was a crime, *i.e.,* that the value of the stolen merchandise was $200 or more. *N.J.S.A.* 2C:20–2b. The evidence suggests that given the opportunity, the State could have proved that the theft was a crime.

---

[1]The trial judge actually said, "I'm not going to charge shoplifting." However, the judge and counsel had been using the word "shoplifting" loosely to mean the theft of merchandise from a store.

*Choice* requires giving the charge of a lesser included offense *sua sponte* only if, in addition to a clear indication in the evidence that the charge is warranted, it may appropriately be given without prejudice to either party. It would not be appropriate where charging theft "would surprise the prosecution" to the State's prejudice. *State v. Choice*, 98 *N.J.* at 300. In view of defendant's admission that he stole cigarettes, a *sua sponte* charge on the lesser included offense of theft was indicated. However, giving the charge here would not have been appropriate in view of the prejudice to the State.

For the same reason, it would not have been appropriate for the judge to have charged shoplifting *sua sponte* because it is only a disorderly persons offense regardless of the amount involved. *N.J.S.A.* 2C:20–11c.

Affirmed.