240 N.J. Super. 115 (1990)
572 A.2d 676
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
DONALD JORDAN, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted January 23, 1990.
Decided April 17, 1990.
Before Judges MICHELS, DEIGHAN and R.S. COHEN.
Thomas S. Smith, Jr., Acting Public Defender, attorney for appellant (Lowell Espey, Designated Counsel, of counsel and on the brief).
*116 Robert J. Del Tufo, Attorney General of New Jersey, attorney for respondent (Catherine Michael, Deputy Attorney General, of counsel and on the letter brief).
The opinion of the court was delivered by MICHELS, P.J.A.D.
Defendant Donald Jordan was indicted by the Camden County Grand Jury and charged with first degree robbery in violation of N.J.S.A. 2C:15-1 (Count 1) and two counts of aggravated assault in violation of N.J.S.A. 2C:12-1(b)(1) (Counts 2 and 3). Following a lengthy jury trial, defendant was convicted of second degree robbery, a lesser-included offense of the first degree robbery charged in Count 1 and two counts of simple assault, the lesser-included offenses of the aggravated assault charged in Counts 2 and 3. Defendant's motions for a new trial or, alternatively, a judgment of acquittal notwithstanding the verdict were denied. The State's motion to sentence defendant to an extended term as a persistent offender pursuant to N.J.S.A. 2C:44-3 was granted. The trial court thereupon committed defendant to the custody of the Commissioner of the Department of Corrections for a term of 15 years with a seven-and-one-half year period of parole ineligibility and assessed a Violent Crimes Compensation Board penalty of $30 for the second degree robbery. Additionally, the trial court committed defendant to two concurrent terms of six months each and assessed Violent Crimes Compensation Board penalties totaling $60 for the two simple assaults. Defendant appeals.
According to the State's proofs, on April 8, 1987, at approximately 6:00 p.m., two store detectives employed at Bradlees in Stratford, New Jersey, Joseph Berger (Berger) and Barbara Brosmer (Brosmer), were in the Loss Prevention Office monitoring the store's surveillance cameras. Berger and Brosmer observed an individual, later identified as defendant, enter the store and walk over to the "sight and sound" section of the store. Berger and Brosmer were suspicious of defendant because *117 he had been in the store previously and had acted in a manner which caught their attention, and because defendant was wearing a heavy field jacket when the day was very warm and the store air-conditioning was not working. Consequently, Berger and Brosmer continued to observe defendant's activity in the store by using the cameras. Berger and Brosmer saw defendant remove two stereo radios with cassette players ("boom boxes") from the shelves and place them in a large, dark plastic bag which had been concealed under his jacket. Defendant then walked through one of the registers without paying for the radios and left the store.
Meanwhile, as defendant was walking towards the store exit, Berger telephoned Ken Polk (Polk), another store detective at the front of the store, and told him that a shoplifting was in progress and that the suspect would be attempting to leave the store. Polk waited outside. When defendant left the store, Polk showed defendant his identification and asked defendant if he had a receipt for the merchandise. Defendant looked in the bag he was carrying and then "threw a punch" at Polk. When Polk avoided defendant's punch, defendant swung the bag containing the radios at Polk's head and ran past him. However, Robert Richards (Richards), another store employee, was standing in the parking lot and grabbed defendant. Defendant continued to struggle with Polk and Richards, and then with Berger who joined them outside. Eventually, however, defendant was subdued and brought inside the store. At that point, Richards went back outside and defendant was escorted in the direction of the office by Polk and Berger, who were then joined by Brosmer and Joseph Boccaleri (Boccaleri), a salesperson at Bradlees.
Approximately halfway through the store, defendant pushed Polk out of the way and "body-slammed" Berger. When Brosmer stepped in his way and told him "you're not going nowhere," defendant turned around and punched her in the mouth. The employees then attempted to subdue defendant and put a pair of handcuffs on him. Defendant, however, "full *118 force punched" Brosmer between the legs, which lifted her off the ground, and threw her into a display. As a result of defendant's punch, Brosmer sustained severe pelvic trauma. In addition, defendant punched Berger in the stomach. When Berger attempted to hit defendant in the jaw, defendant bent down. As a result, Berger hit defendant in the head, spraining his hand. Thereafter, defendant was subdued, handcuffed and taken to the security office, where the police were telephoned.
Defendant seeks a reversal of his convictions on the following grounds set forth in his brief:
I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN DENYING DEFENSE COUNSEL'S REQUEST TO CHARGE THE JURY ON THE LESSER INCLUDED OFFENSE OF THEFT OR SHOPLIFTING.
II. THE TRIAL COURT ERRED IN REFUSING TO GRANT THE JURY'S REQUEST FOR A READ-BACK OF THE TESTIMONY OF TWO SIGNIFICANT WITNESSES (Not Raised Below).
III. THE TRIAL COURT ERRED IN RULING THAT PENDING CHARGES COULD BE INTRODUCED TO DEMONSTRATE MOTIVE PURSUANT TO EVID. R. 55 IF DEFENDANT ELECTED TO TESTIFY.

I.
Defendant first contends that the trial court erred in refusing to charge the jury on theft or shoplifting because they were lesser-included offenses of second degree robbery. He argues that a factual issue was raised as to whether the alleged assaults upon Brosmer and Berger occurred during the course of the theft.
The applicable standard for determining whether the trial court should charge a jury with respect to a lesser-included offense is set forth in N.J.S.A. 2C:1-8e of the New Jersey Code of Criminal Justice:
The court shall not charge the jury with respect to an included offense unless there is a rational basis for a verdict convicting the defendant of the included offense.
Thus, where the evidence provides a rational basis upon which the defendant may be found guilty of an included offense and not guilty of the encompassing offense, it is reversible error for the court to refuse, upon request, to charge the jury *119 with respect to the included offense. See State v. Mauricio, 117 N.J. 402, 417-418, 568 A.2d 879 (1990); State v. Crisantos (Arriagas), 102 N.J. 265, 278, 508 A.2d 167 (1986); State v. Choice, 98 N.J. 295, 298-299, 486 A.2d 833 (1985); State v. Powell, 84 N.J. 305, 316 n. 12, 419 A.2d 406 (1980); State v. Hollander, 201 N.J. Super. 453, 473-474, 493 A.2d 563 (App. Div.), certif. den. 101 N.J. 335, 501 A.2d 983 (1985); State v. Vujosevic, 198 N.J. Super. 435, 444-445, 487 A.2d 751 (App. Div.), certif. den. 101 N.J. 247, 501 A.2d 920 (1985), habeas corpus granted, 844 F.2d 1023 (3d Cir.1988). In State v. Crisantos, supra, 102 N.J. at 278, 508 A.2d 167, however, our Supreme Court emphasized that the Code formulation of the rational basis test is more restrictive than the pre-Code Powell guidelines under which a charge on a lesser-included offense was proper when there existed a "scintilla of evidence" with respect to that charge.
Theft is not only a lesser-included offense of second degree robbery, but it is also an essential element of the offense. See State v. Lawson, 217 N.J. Super. 47, 51, 524 A.2d 1278 (App. Div. 1987); State v. Carlos, 187 N.J. Super. 406, 412, 455 A.2d 89 (App.Div. 1982). Under N.J.S.A. 2C:15-1a, a person is guilty of robbery if, in the course of committing a theft, he
(1) Inflicts bodily injury or uses force upon another; or
(2) Threatens another with or purposely puts him in fear of immediate bodily injury; or
* * * * * * * *
An act shall be deemed to be included in the phrase "in the course of committing a theft" if it occurs in an attempt to commit theft or in immediate flight after the attempt or commission.
A person is guilty of theft if he violates any of the substantive sections of Chapter 20 of the Code, N.J.S.A. 2C:20-1 to N.J.S.A. 2C:20-34. N.J.S.A. 2C:20-3a denominates the unlawful taking of movable property a theft:
a. Movable property. A person is guilty of theft if he unlawfully takes, or exercises unlawful control over, movable property of another with purpose to deprive him thereof.
*120 N.J.S.A. 2C:20-11b, dealing with shoplifting, provides in part that:
b. Shoplifting. Shoplifting shall consist of any one or more of the following acts:
(1) For any person purposely to take possession of, carry away, transfer or cause to be carried away or transferred, any merchandise displayed, held, stored or offered for sale by any store or other retail mercantile establishment with the intention of depriving the merchant of the possession, use or benefit of such merchandise or converting the same to the use of such person without paying to the merchant the full retail value thereof.
There is, of course, an "overlap between the specific offense of shoplifting and the general theft provisions," Cannel, Criminal Code Annotated, Comment 2, N.J.S.A. 2C:20-11, and, therefore, one charged with shoplifting may also be prosecuted under the general theft provision. See State v. Milano, 94 N.J. Super. 337, 340, 228 A.2d 347 (App.Div. 1967). See also State v. Sein, 232 N.J. Super. 300, 556 A.2d 1298 (App.Div.), certif. granted 117 N.J. 159, 564 A.2d 877 (1989). Moreover, "[b]y virtue of the `consolidation' provision of N.J.S.A. 2C:20-2(a), a defendant charged with robbery is now on notice that any conduct denominated as theft is within the four corners of a robbery indictment." State v. Talley, 94 N.J. 385, 393, 466 A.2d 78 (1983) (emphasis in original); State v. Rose, 237 N.J. Super. 511, 514, 568 A.2d 545 (App.Div. 1990). Thus, theft of movable property in violation of N.J.S.A. 2C:20-3a and shoplifting in violation of N.J.S.A. 2C:20-11b are included offenses of second degree robbery. See State v. Lawson, supra, 217 N.J. Super. at 50-51, 524 A.2d 1278.
Since theft of movable property and shoplifting are lesser-included offenses of second degree robbery, we are satisfied that the trial court erred in failing to instruct the jury with respect to either of them. In our view, there was a rational basis in the evidence to convict the defendant of either theft of movable property in violation of N.J.S.A. 2C:20-3a or shoplifting in violation of N.J.S.A. 2C:20-11b and to acquit him of second degree robbery. The jury might have rejected the State's proofs that defendant used force against Polk when he was *121 stopped after leaving the store and it might have found that defendant's infliction of bodily injury on Brosmer and Berger after he was returned to the store occurred after flight had been concluded and defendant was in custody. Cf. State v. Mirault, 92 N.J. 492, 500-501, 457 A.2d 455 (1983). Thus, the jury might have found that the bodily injury to the two store detectives was not inflicted in the course of committing a theft. While such a result would have been extraordinary, it nevertheless could have been reached by the jury. Consequently, the trial court should have instructed the jury on the lesser-included offense of either theft of movable property or shoplifting.
Even though the evidence that defendant was guilty of second degree robbery is overwhelming, we are constrained to reverse defendant's conviction for second degree robbery and remand the matter for a new trial on that charge. We suggest that if, on retrial, the evidence is the same as it was in this matter, the trial court should relate the evidence more precisely to the legal issues involved so that the jury's determination as to whether a second degree robbery occurred is not solely limited to or based upon the infliction of bodily injury upon Berger and Brosmer by defendant after he had been brought back into the store, as was done in the supplemental charge.

II.
We have carefully considered the remaining contentions (Points II and III, supra) and all arguments advanced in support of them and find that they clearly without merit. R. 2:11-3(e)(2). We, therefore, affirm defendant's convictions for simple assault.

III.
Accordingly, except to reverse defendant's conviction for second degree robbery and to remand the matter for a new trial on that charge, the judgment under review is affirmed.