**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1061-16T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

KEYSHON SOWELL,

    Defendant-Appellant.

_____

Submitted September 13, 2018 – Decided  September 25, 2018

Before Judges Koblitz and Currier.

On appeal from Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 07-11-0986.

Joseph E. Krakora, Public Defender, attorney for appellant (Rasheedah Terry, Designated Counsel, on the brief).

Michael A. Monahan, Acting Union County Prosecutor, attorney for respondent (Michelle J. Ghali, Special Deputy Attorney General/Acting Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Keyshon Sowell appeals from the July 7, 2016 denial of his petition for post-conviction relief (PCR) without an evidentiary hearing. Defendant pled guilty to two counts of first-degree robbery, N.J.S.A. 2C:15-1, of a twelve-year-old child, Z.D.,[1] and an adult, Shakeena Dean. He admitted participating in an armed home-invasion robbery with three co-defendants in July 2007. The four men had knives and a child was struck in the head and injured when the door was kicked open. Defendant received two concurrent sentences of sixteen years in prison, with eighty-five percent parole ineligibility under the No Early Release Act, N.J.S.A. 2C:43-7.2. The remaining counts in the indictment and an additional indictment were dismissed. We affirmed on appeal, State v. Sowell, No. A-3568-09 (App. Div. Oct. 8, 2013) (slip op. at 26), and the Supreme Court denied certification, State v. Sowell, 217 N.J. 587 (2014).

In our prior opinion we reviewed the facts and issues raised on direct appeal, affirming both the convictions and sentence. On direct appeal defendant raised several issues including, as Point III:

> DEFENDANT'S PLEA TO COUNT FIVE WAS ACCEPTED WITHOUT ADEQUATE FACTUAL BASIS AND THE ENTIRE GUILTY PLEA MUST BE VACATED BY THIS COURT. (Not Raised Below.)

---

[1] The child is identified by initials in the indictment.

A-1061-16T2

In discussing that issue, we wrote:

> We agree that in order to establish the elements of robbery of Z.D., defendant needed to admit he committed a theft against Z.D. It would not suffice to admit to theft only from [Dean],[2] the victim in count two, to which defendant also pleaded. See State v. Sewell, 127 N.J. 133, 137-38 (1992) (stating that one robbery was committed, not three, where defendant committed one theft, but inflicted physical harm on three persons). "[E]ach robbery is a separate crime, which entails a discrete theft from a single victim together with accompanying injury or force." Id. at 137. See also State v. Lawson, 217 N.J. Super. 47, 51, (App. Div. 1987) ("N.J.S.A. 2C:15-1(a) should not be extended by implication to sustain two robbery convictions for assaults upon two victims in immediate flight after a theft or attempted theft from a third victim.").
>
> In pleading to robbery of Z.D., defendant did not explicitly state that he committed a theft against her. However, he did so indirectly, by incorporating by reference his actions pertaining to [Dean]. Defendant admitted that "[his] conduct that [he] described for Count 2 involved that conduct regarding all people that were there." Defendant argues that the referenced conduct pertained only to the threats of force. However, there is no basis in the record to interpret "conduct" so restrictively. With respect to count two, defendant affirmatively answered the judge's leading questions, asking him whether he was "involved with or threatened bodily injury to [Dean] or put her in fear with any kind of a weapon or indicate[d] a deadly weapon"; whether he "stole stuff from her"; and

---

[2] We correct the name of the adult victim; all other modifications are in the original.

3

whether he possessed and displayed a weapon to put her in fear. The phrase "conduct . . . described for Count 2" incorporated by reference all those actions, including theft.

[Sowell, slip op. at 24-26.]

As Point IV on direct appeal, defendant argued:

THE TRIAL COURT IMPROPERLY BALANCED THE AGGRAVATING AND MITIGATING CIRCUMSTANCES RESULTING IN THE IMPOSITION OF A MANIFESTLY EXCESSIVE SENTENCE.

We determined:

Finally, defendant's challenge to his sentence lacks sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2). Suffice it to say that we find no error in the court's exercise of its sentencing authority. We are satisfied that the judge's findings regarding aggravating and mitigating factors were based upon competent and credible evidence in the record, that the judge correctly applied the sentencing guidelines set forth in the Code of Criminal Justice, and that the sentence imposed is not manifestly excessive or unduly punitive and does not constitute a mistaken exercise of discretion.

[Sowell, slip op. at 26.]

On PCR appeal, defendant argues:

POINT I: THE PCR COURT'S ORDER THAT DENIED DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF MUST BE REVERSED OR THE MATTER REMANDED BECAUSE

DEFENDANT DID NOT HAVE A FULL UNDERSTANDING OF THE LAW AS IT RELATED TO THE FACTS OF THE CASE WHEN HE PLED GUILTY TO COUNT FIVE AND THEREFORE DEFENDANT'S ENTIRE GUILTY PLEA MUST BE VACATED.

A.  DEFENDANT DID NOT ENTER INTO A KNOWINGLY [sic] GUILTY PLEA BECAUSE HE PLED GUILTY TO COUNT FIVE WITHOUT A FULL UNDERSTANDING OF THE NATURE OF THE CHARGES AS IT RELATED TO THE FACTS OF THE CASE.

B.  FOR THE REASONS SET FORTH IN I(A), THE COURT SHOULD PERMIT DEFENDANT TO RETRACT HIS GUILTY PLEA.

C.  THE PLEA MUST BE VACATED IN IT [sic] ENTIRETY.

POINT II: THE PCR COURT'S ORDER THAT DENIED DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF MUST BE REVERSED OR THE MATTER REMANDED BECAUSE DEFENDANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL IN THE PROCEEDINGS BELOW.

A.  PLEA COUNSEL MISLED DEFENDANT INTO PLEADING GUILTY TO COUNT FIVE.

B.  DEFENSE COUNSEL FAILED TO INVESTIGATE AND DEVELOP A DEFENSE.

C.  APPELLATE COUNSEL PROVIDED INEFFECTIVE ASSISTANCE TO THE EXTENT

COUNSEL FAILED TO RAISE THE CLAIMS SET FORTH ABOVE IN THE PROCEEDINGS BELOW.

POINT III: THE PCR COURT ABUSED ITS DISCRETION WHEN IT APPLIED THE PROCEDURAL BAR CONTAINED IN R. 3:22-5 TO DEFENDANT'S CLAIMS.

POINT IV: THE PCR COURT ABUSED ITS DISCRETION WHEN IT DENIED DEFENDANT'S REQUEST FOR AN EVIDENTIARY HEARING.

Defendant argues in this appeal that his plea counsel was ineffective by allowing him to plead guilty to the robbery of the child, Z.D., when he did not understand the charge nor was he factually guilty of stealing anything of value from the child. Contrary to his representation before the PCR court, he seeks to withdraw his plea of guilty, claiming he has satisfied the factors set forth in State v. Slater, 198 N.J. 145, 157-58 (2009). He also argues that appellate counsel was ineffective in not raising this issue on direct appeal. At the PCR hearing defendant told the judge on the record that he did not wish to withdraw his guilty plea. We affirm.

The record is clear that the plea judge asked defendant if he was aware that he was pleading guilty to two robberies, and defendant read and then signed a plea form stating he was pleading guilty to two counts of first-degree robbery. Defendant was indicted in separate counts with robbing nine individuals: the

three women and their six children who were in the home at the time of the home invasion. He was also charged in nine separate counts with first-degree kidnapping, N.J.S.A. 2C:13-1(b), as well as other charges. Thus, his attorney negotiated a favorable plea agreement for him.

To demonstrate ineffective assistance of plea counsel, defendant must demonstrate that: (1) counsel's performance was deficient, and (2) the deficient performance actually prejudiced the client's defense. Strickland v. Washington, 466 U.S. 668, 687 (1984); State v. Fritz, 105 N.J. 42, 58 (1987). Where the defendant seeks to vacate a guilty plea, the defendant must show "(i) counsel's assistance was not 'within the range of competence demanded of attorneys in criminal cases'; and (ii) 'that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pled guilty and would have insisted on going to trial.'" State v. Nuñez-Valdéz, 200 N.J. 129, 139 (2009) (alteration in original) (quoting State v. DiFrisco, 137 N.J. 434, 457 (1994)). "In Morrison, we found that 'in applying the Strickland standard to assess a claim of ineffective assistance of appellate counsel, [the] defendant must show not only that his attorney's representation fell below an objective standard, but also that he was prejudiced, i.e., but for counsel's unprofessional errors, the result would have been different.'" State v. Gaither, 396 N.J. Super. 508, 513

7

(App. Div. 2007) (quoting <u>State v. Morrison</u>, 215 N.J. Super. 540, 546 (App. Div. 1987)).

Here, although the PCR court discussed and denied a request to withdraw defendant's guilty plea, defendant clarified before the PCR judge that in fact he did not wish to withdraw his guilty plea. We therefore do not consider his appellate request to withdraw his guilty plea. We generally will not address an issue on appeal that the parties did not pursue at the trial court level unless the issue involves "the jurisdiction of the trial court" or "matters of great public interest." <u>Zaman v. Felton</u>, 219 N.J. 199, 226-27 (2014) (declining to consider a Foreclosure Rescue Fraud Prevention Act claim raised for the first time on appeal) (quoting <u>Nieder v. Royal Indem. Ins. Co.</u>, 62 N.J. 229, 234 (1973)). Defendant's claim that his plea counsel failed to investigate the facts sufficiently was also not argued before the PCR court.

The issue urged before the PCR court was ineffective assistance of sentencing counsel, which the PCR court properly found to be unfounded. On appeal, defendant does not specify what mitigating factors his counsel failed to argue at sentencing. His attorney argued for a reduced sentence of fourteen years in prison, stressing defendant's family obligations and employment history. We found the sentence imposed to be appropriate on direct appeal.

8                                          A-1061-16T2

If an issue has previously been raised and adjudicated, "[a] prior adjudication upon the merits . . . is conclusive whether made in the proceedings resulting in the conviction . . . or in any appeal taken from such proceedings." R. 3:22-5. In determining whether this procedural bar applies, the challenged claim should be compared with the prior claim to determine if the two "are either identical or 'substantially equivalent.'" State v. Marshall, 173 N.J. 343, 351 (2002). Defendant's claim of ineffective assistance of sentencing counsel under these facts is substantially equivalent to his prior excessive sentence claim, and is therefore procedurally barred. Ibid.

Trial courts should grant evidentiary hearings if the defendant has presented a prima facie case of ineffective assistance of counsel. State v. Preciose, 129 N.J. 451, 462 (1992). "A defendant shall be entitled to an evidentiary hearing only upon the establishment of a prima facie case in support of post-conviction relief . . . ." R. 3:22-10(b). Defendant failed to make out a prima facie case of ineffective assistance of counsel requiring an evidentiary hearing. His other arguments before us are without sufficient merit to require further discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

9                                                        A-1061-16T2